**COVENTRY LEASEHOLD CO v WELKER**

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12277. Decided June 8, 1932

Bulkley, Hauxhurst, Inglis and Sharp, Cleveland, for plaintiff in error.

Farquharson, Curtiss, Gillie, Gustafson and Miller, Cleveland, for defendant in error.

SHERICK, PJ, LEMERT and MONTGOMERY, JJ (5th Dist), sitting.

SHERICK, PJ.

We have carefully examined the record in order that we might be apprised as to what proof established. We find that the leases or the terms thereof are not in evidence, but that, one of the tenants, testify that the tenants leased their respective store rooms and basements; and that the tenants had the use of the stairway in common, and that this tenant had previously requested the landlord to fix the stairway; nothing concerning a leasing or reservation of the stairway is in evidence. This witness is the only witness that testifies on these points. We find it further to have been admitted that the Company had active charge of the building and was in control of it.

It will be recalled that the second

amended petition, upon which this cause went to trial did not charge that the defendant Company had either possession or control of the stairway, but is rather indited on the theory that the defendant Company was negligent in its faulty construction of the stairway, and in permitting it to remain in such a dangerous condition and leasing the rooms and basements when it knew, or should have known, that the stairway would be used by the tenants and their invitees. The words used in the amended petition do not employ the term nuisance, but from the facts plead it may be concluded that the Company is charged with negligently erecting and maintaining a dangerous nuisance. The answer is equally non-committal, in that a want of possession or control in the Company is not plead as a defense.

The plaintiff in error says that the amended petition is defective in that possession or control in the Company is not averred and that the burden of so pleading and proving was on the plaintiff. And in the furtherance of this claim it is now stated that the cause was tried in the Court of Common Pleas upon the theory of negligence and not of nuisance, and that the latter theory is first heard of in this court. The record in this case indicates that it was so tried, and without objection or suggestion other than the motions made.

It may be said that these two classes of cases overlap, that is, practically all nuisances have an element of negligence in them, and a negligence case may rise to the point where the thing complained of may be a nuisance. And the theory upon which a landlord may be held liable where premises are leased upon which a nuisance exists is in that the landlord created the nuisance and he is presumed to have intended the continuance thereof, and he is therefore, liable for the natural consequences of his own act.

It is said in a valuable note, listing many authorities, in 50 L.R.A. (N.S.) 288 that, "Where, at the time they are leased, the premises are or contain a nuisance, or an incipient nuisance which becomes active by the tenant, ordinary use of the premises, the landlord is liable to third persons injured as a natural consequence thereof." The same rule is stated in 16 R.C.L. 1076. Therein it is said, "It is a well settled rule that the landlord is properly chargeable with liability to a stranger where the cause of injury to the latter is a nuisance existing on the premises at the time of the demise. No person can create and main-

tain a nuisance upon his premises and escape liability for the injury occasioned by it to third persons. Nor can a lessor so create a nuisance and then escape liability for the consequences by leasing the premises to a tenant."

We find that the courts of this state have considered the principle embodied in the last quoted sentence. The court in McIlvaine v Wood, 2 Handy, 166, and Shindelbeck v Moon, 32 Oh St 264 (275) recognized the rule, and which was applied in Edwards v Rissler, 16 Cir. Dec. 428, affirmed without report in 69 Oh St 572. Applying the rule stated to the matter now before us, upon the theory that the amended petition charges a nuisance, it becomes immaterial to the plaintiff's claim, whether the defendant Company did or did not have possession and control of the stairway, and the pleading would not be defective.

And further examining the amended petition in the view of the theory of negligence and not nuisance, we are drawn to a consideration of the case of **Davies v Kelley**, 112 **Oh St** 122. Control in this case by the landlord over the porch in common use by the tenants was admitted, and possession and control was also plead. It was also a case in which the premises were permitted to get out of repair during the tenancy and not one of negligent and dangerous construction and a subsequent leasing. It is not, therefore, a parallel case, to the one at bar, but the reasoning thereof is indicative of our hereinafter remarked conclusion drawn therefrom.

It will be remembered that the only testimony in this case was to the effect that the defendant Company leased the store rooms and basements thereunder to its tenants. There was no proof that the lessor had leased the stairway. But it is apparent from the pleadings and proof that the tenants would have had no beneficial enjoyment of the thing demised without the common use of the stairway, and such a demise, as said in the Davies case supra, "imposes an obligation upon the landlord to exercise reasonable care in maintaining the passage safe for such use; and, further, that the duty of the landlord to all persons visiting such tenant upon lawful occasions is similar to that which he owes the tenant." Further on at page 130, the court says: "the fact of the landlord's control can be established by other evidence, or be reasonably inferred from all the circumstances."

Davies v Kelley, supra, quotes with approval from the case of Farley v Byers, 106

Minn., 260, 118 NW 1023, to the effect that, "Where a porch or stairway is used in common by the different occupants of a tenement house or flat building, the landlord will be presumed to have reserved possession thereof for the benefit of all the tenants, and he is under obligation to all parties having occasion to use the premises to exercise ordinary care to keep the same in repair." If this is sound law, as it no doubt is, surely it must follow that the same presumption must obtain where premises are leased that contain a negligently constructed and dangerous stairway intended for use in common by the lessees occupying independent portions of the building. We further note the comment of Tiffany on Landlord and Tenant, Vol. 1, p. 628, used on page 132 of the Davies case.

Keeping in mind the averments of the petition, and the proof made thereof, we conclude, treating the issue as one of negligence, that in the absence of averment in the answer of a covenant to the contrary, possession by the landlord must be presumed of the stairway not demised for the common use of both tenants. The law having created the presumption from the facts as plead, we see no reason why it was necessary for the plaintiff to have plead possession and control. The matter of a lack thereof, would, in some instances, be a complete defense. We do not mean to say that in all cases averment and proof of possession and control are defensive matters, but in the case at bar we so hold.

The plaintiff in error propounds a second question. Did the duty devolve upon defendant to construct upon the demised premises a stairway having steps of equal height and width, and did a duty devolve upon defendant to equip this stairway with a hand rail? This question must be answered in the negative, with the qualification, however, that it was its duty to so construct the stairway that it was reasonably safe for the use and purpose to which it was to be put. If it was negligently constructed and a dangerous thing, or that this structural defect was the proximate cause of the plaintiff's fall, were questions of fact for the jury. This the defendant Company recognized in its special request to charge No. 2, which was given before argument. The jury had a right to consider whether or not the presence of a hand rail would have made the stairway reasonably safe, for it was the landlord's duty to have made it safe for the common use to which he intended it to be put. The defendant says its tenant leased the premises without a hand rail

on the stairs and by covenant or otherwise it was not duty bound to install one. Perhaps that is true, but it was duty bound to make the stairway safe. The landlord by its leasing of the premises with its dangerous stairway for common use assumed a greater risk in case of injury resulting therefrom to his tenant's invitees and guests, for it is more difficult to charge them with knowledge of the stair's condition and defects than the tenant. The landlord's duty is no greater, but it must be held to have intended and known that guests and invitees would use the stairway, it might be that it was negligent in inviting them to use this defective and unsafe stairway, if such were unsafe, and a hand rail would have made it safe. One may be guilty of negligence by an act of omission as well as an act of commission.

What we have just said disposes of the error claimed in the court's refusal to give defendant's request No. 3, and is also our answer to the claimed errors in the general charge. The court's refusal to give defendant's request No. 4 was not error. It was confusing in that it failed to embody the law as we see it with reference to the lack of a hand rail; it also presupposes that the stairway's location in the building be considered. We see no different application of the law in the case of a stairway affording ingress and egress to premises, than a stairway of the kind in question. We find no error in the other claims assigned.

Considering the state of the pleading, and the indefinite theory of the issue made, the manner of trial, the proof adduced, the failure of counsel to request further instruction after argument upon the court's invitation, as to nuisance, which seems to us to have been the real issue in the case, we are left with the view that substantial justice has been done in this case and the judgment is therefore affirmed.

LEMERT and MONTGOMERY, JJ, concur.