## R K O MIDWEST CORP v BERLING et

Ohio Appeals, 1st Dist, Hamilton Co

No 4726.   Decided April 1, 1935

John M. McCaslin, Cincinnati, for plaintiff in error.

Leo J. Brumleve, Jr., Cincinnati, and Benjamin P. Pink, Cincinnati, for defendant in error.

**OPINION**

By ROSS, PJ.

The responsibility of the owner of premises when out of possession and control is

now clearly fixed and by recent decisions of the Supreme Court of Ohio. Berkowitz v Winston, 128 Oh St, 611 (Oh Bar, Dec. 17, 1934), the third syllabus is:

"An owner of real estate, who has surrendered possession thereof to a lessee, is not liable to an employee of such lessee for personal injuries resulting from a defective condition of the premises, though he had promised the lessee to make repairs."

And, at page 612, of the opinion:
"Where portions of a building are rented to several tenants who have the use of the halls, stairways, etc., in common, the landlord is held to be in control of such passageways and liable for injury resulting from his want of due care in maintaining same in a reasonably safe condition. That liability is based upon the owner's continued control of such portion of his premises. There is no liability for tort without possession or control, and such possession or control cannot be predicated solely upon a promise to repair."

This Court of Appeals recently applied the same rule in Ycung v Burch et, No. 4604, Hamilton County, decided June 25, 1934.

Viewing the facts in the instant case even in the light of such responsibility, there was in our opinion sufficient control reserved in the owner to support a claim of liability against it.

However, there is another view in which the owner would be liable. The owner and the tenant cooperated in creating a condition which any reasonably prudent person must have known could cause injury. The anticipated use of the room, its ineffective lighting, the harmless appearance of the pipe, its potential capacity to severely burn, if contacted when full of steam, the probability that young children would be present in the room and come in contact with the pipe, were matters which a reasonably prudent person would have considered when the premises were leased to the tenant. They were matters which the owner should have considered. Precaution should have been taken by it to prevent injury. Could it be said that if instead of the pipe, the owner has installed in the same place and under similar circumstances a bare wire highly charged with electricity furnished by the owner, that injury could not be reasonably sure to follow:

That a reasonably prudent person would have transferred premises so equipped to a tenant? Wc think not.

The same result is reached by still another approach. We quote from 'he cpinion in Coventry Leasehold Co. v Welker, 43 Oh Ap, 82, (13 Abs 13) at page 85:

"It may be said that these two classes of cases overlap, that is, practically all nuisances have an element of negligence in them, and a negligence case may rise to the point where the thing complained of may be a nuisance. And the theory upon which a landlord may be held liable where premises are leased upon which a nuisance exists is in that the landlord created the nuisance and is presumed to have intended the continuance thereof, and is therefore liable for the natural consequences of his own act.

"It is said in a valuable note, listing many authorities, in 50 A.L.R. (N.S.), 288, that: "Where, at the time they are leased, the premises are or contain a nuisance, or an incipient nuisance which becomes active by the tenant's ordinary use of the premises, the landlord is liable to third persons injured as a natural consequence thereof." The same rule is stated in 16 R.C.L. 1076. Therein it is said: "It is the well settled rule that the landlord is properly chargeable with liability to a stranger where the cause of injury to the latter is a nuisance existing on the premises at the time of the demise. No person can create and maintain a nuisance upon his premises and escape liability for the injury occasioned by it to third persons. Nor can a lessor so create a nuisance and then escape liability for the consequences by leasing the premises to a tenant."

"We find that the courts of this state have considered the principle embodied in the last quoted sentence. The court in McIllvaine v Wocd, 2 Handy, 166, and in Shindelbeck v Mcon, 32 Oh St, 264, 275, 30 Am. Rep., 584; recognized the rule, and it was applied in Edwards v Rissler, 16 C.D., 428, affirmed without report in Rissler v Edwards, 69 Oh St, 572, 70 NE, 1129."

The petition may not charge the existence of a nuisance in such terms, but facts are alleged which certainly charge the existence of one. See also: §359, Restatement of Law of Torts.

The refusal to give the following special charge is assigned as error:

"Ordinary care in the operation and maintenance of any facilities or installation, in the control of the cwner cf a building, only means such care as ordinarily prudent operators of similar buildings are accustomed to exercise with reference

to the operation and control of such facilities or installation."

The fallacy of this charge is shown when it is viewed in the light of **Taugher et, Partners, etc., v Ling, Taugher et, Partners v Bennington, 127 Oh St, 142.**

Defendant's special charge No. 8 was also refused:

"I charge you that if you should find that the defendant was negligent, but that the injuries to the plaintiff would not have occurred except for the act or acts of the plaintiff's mother in placing the plaintiff in a position where he was injured, and that such act or acts of the mother could not have been foreseen by the exercise of ordinary care on the part of the defendant, then the act or acts of the mother would be regarded as the proximate or direct cause of the plaintiff's injuries, and the negligence, if any, on the part of the defendant would be regarded as the remote cause, in which event the defendant would not be liable to the plaintiff."

The defect in this charge is that the court is given the power to usurp the function of the jury in stating what is and what is not the proximate cause of the injury. It is for the jury to say whether a given set of circumstances are or are not the proximate cause of consequent injury.

Our conclusion is, that no error, prejudicial to the plaintiff in error intervened, and the judgment of the Court of Common Pleas of Hamilton County is affirmed.

MATTHEWS and HAMILTON, JJ, concur.