# CARL W. LINDGREN v. GEORGE SPARKS AND ANOTHER.[1]

May 1, 1953.

No. 35,888.

*Stetson & Jacobson* and *Robert W. Johnson,* for appellant.
*Robb, Robb & Van Eps,* for respondent.

[1]Reported in 58 N. W. (2d) 317.

DELL, JUSTICE.

This is an appeal from a summary judgment entered in favor of the defendant George Sparks and from an order denying plaintiff's motion for amended findings in his favor or for a new trial.

Shortly after midnight on January 1, 1951, plaintiff's automobile, which was proceeding in a southerly direction on highway No. 65, left the highway and went into the ditch on the west side of the road at a point approximately one-half mile north of the intersection of highway No. 65 with highway No. 10. Sparks, a friend of the plaintiff, approaching with his automobile on highway No. 65 from the south, learned of plaintiff's predicament and volunteered to assist plantiff in an effort to remove his automobile from the ditch. Highway No. 65 consisted of pavement 18 feet in width with shoulders approximately eight feet in width on either side of the pavement. The highway was straight and level for at least one-half mile north from the point where plaintiff's car slid into the ditch.

Sparks drove his automobile over onto the left or west side of the highway and stationed it so that the rear end of his automobile and the rear end of plaintiff's automobile were approximately six feet apart. A tow chain was then attached to the rear bumper of each automobile, and while it was so attached, Sparks made several attempts to pull plaintiff's automobile out of the ditch. The effort was unsuccessful and the plan was finally abandoned.

Both the plaintiff and Sparks then went in between the rear ends of the two automobiles for the purpose of disconnecting and removing the tow chain from the automobiles. At that time the two left wheels and the right rear wheel of the Sparks automobile were standing on the west shoulder of the road, and the right front wheel of the Sparks automobile was standing on the pavement approximately two or three feet in from the west edge of the slab. The Sparks automobile was facing in a northeasterly direction at an angle of approximately 35 degrees to the road so that its headlights, which were on low beam, were shining diagonally across the road. There were no lights on the plaintiff's automobile. The plaintiff's automobile was facing in the opposite or southwesterly direction.

While the tow chain was being removed the rear ends of the two automobiles were approximately five feet apart. No flares had been placed on the highway nor had any means been employed to warn oncoming traffic of the hazardous condition created by the presence of the automobiles standing as they were on the west side of the road other than the headlights on the Sparks automobile. The highway at that point was very icy, which condition was known to both the plaintiff and defendant Sparks. It was sleeting and visibility was very poor. While they were removing the tow chain and replacing it in the trunk of the Sparks automobile, the lid to the trunk was raised and to some extent it obscured the view of the plaintiff and Sparks to the north. After the chain had been replaced in the trunk and while the lid of the trunk was being lowered, the plaintiff saw the lights of an approaching automobile from the north and called out to Sparks either "Jump George" or "Look out, that car is going to hit us." Before either of them could get out of the way, the oncoming automobile, driven by the defendant Clifford W. Lindberg, struck the front end of the Sparks automobile, driving it back against both the plaintiff and Sparks resulting in injuries to plaintiff's leg as the two rear bumpers of the automobiles came together.

Plaintiff instituted action against the defendant Sparks and the driver of the oncoming car, defendant Lindberg, claiming that his injuries were due to the negligence of both defendants. Sparks answered, denied that he was negligent, and alleged assumption of risk and contributory negligence as to the plaintiff. Lindberg did not answer and remained in default. Under Rule 26 of the Rules of Civil Procedure, depositions of the plaintiff, both defendants, and defendant Lindberg's wife were taken. On March 17, 1952, there was a pre-trial conference at which conference the parties stipulated that the headlights of the Sparks automobile were on low beam at the time of the accident.

Under Rule 56 of the Rules of Civil Procedure, plaintiff moved for summary judgment in his favor against the defendant Sparks or in lieu thereof for an order directing that the issue of damages be submitted to a jury for its determination. The defendant Sparks

under Rule 56 of said Rules of Civil Procedure moved for summary judgment in his favor exonerating him from liability to the plaintiff. The trial court found, among other things, that the plaintiff assumed all of the risks incidental to and arising out of the operation resulting in the injuries to the plaintiff and held that plaintiff was not entitled to recover from the defendant Sparks. It directed the entry of judgment in favor of the defendant Sparks and judgment was so entered.

■ The facts are not in dispute. The depositions, together with the stipulation entered into at the pre-trial conference, established that there was no genuine issue as to any material fact between the parties. In that situation, if Sparks was entitled to judgment as a matter of law, this was a proper case for the application of the rule of civil procedure governing summary judgment.

Rule 56.02 extends to a party against whom a claim is asserted the authority to move for a summary judgment in his favor as to all or any part thereof at any time.

Rule 56.03 provides:

"* * * The judgment sought shall be rendered forthwith if the pleadings, deposition, and admissions on file, together with the affidavits, if any, *show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.*" (Italics supplied.)

The purpose of the rule is to afford procedure for the just, speedy, and inexpensive disposition of actions where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.[2]

■ Defendant Sparks contends, and the trial court so found, that the plaintiff assumed the risks incident to the hazards existing at the time plaintiff was injured and that consequently plaintiff was guilty of contributory negligence as a matter of law. This finding plaintiff assigns as error.

---

[2]Youngquist & Blacik, Minnesota Rules Practice, p. 90.

Highway No. 65, the evidence shows, was a well-traveled highway. With plaintiff's automobile in the ditch in the night without lights, with defendant Sparks's automobile partly on the shoulder and partly on the pavement on the wrong side of the road with its lights on low beam shining diagonally across the road, and with the automobiles coupled together as they were by a tow chain with the rear ends of the automobiles five or six feet apart it is difficult to visualize a more hazardous position for the plaintiff to voluntarily take than to place himself between the rear ends of the two automobiles. This is especially true when he knew that there were no flares or other devices on the highway to warn oncoming traffic of the danger created by the presence of these two automobiles. The very thing happened that the plaintiff should have anticipated might probably happen. In selecting his position between these automobiles, plaintiff did so of his own choosing. This did not come as a request from the defendant Sparks. Plaintiff controlled his own actions. He was in as good a position, if not better, than the defendant Sparks to see and apprehend the danger at hand. He should not be permitted to shift the responsibility for the result which followed to the defendant Sparks. Under the evidence plaintiff must be said to have assumed the risks incident to the dangers of the position which he voluntarily took and which he alone controlled. He was therefore guilty of contributory negligence as a matter of law, barring recovery.[3]

Plaintiff relies upon the case of Guile v. Greenberg, 192 Minn. 548, 257 N. W. 649, in support of his claim that he did not assume the risks incident to the dangers of the position which he took and which he alone controlled. That case is readily distinguishable from the case here. In the Guile case, the record shows that the accident occurred between 1 and 2 o'clock in the afternoon. There plaintiff had no reason to assume that defendant would negligently drive her automobile into the money truck upon which plaintiff was riding in broad daylight. Here the accident happened in the night, and the hazardous condition created by the position of the auto-

---

[3]Liebelt v. Krause, 235 Minn. 547, 51 N. W. (2d) 667.

mobiles upon the shoulder and pavement as pointed out in this opinion should have given plaintiff every reason to assume that the very accident might occur which the record here shows did occur.

Since we have concluded that plaintiff assumed the risks incident to the dangers of the position which he voluntarily took and was therefore guilty of contributory negligence barring recovery, it becomes unnecessary to consider plaintiff's other assignments of error.

Affirmed.