# FLORENCE VOSBECK v. F. A. LERDALL.[1]

June 24, 1955.

No. 36,548.

[1]Reported in 72 N. W. (2d) 371.

*Blethen, Ogle & Gage,* for appellant.
*Gallagher, Farrish, Sheran & Zimmerman,* for respondent.

THOMAS GALLAGHER, JUSTICE.

Florence Vosbeck brings action against defendant F. A. Lerdall for injuries sustained by her December 24, 1952, as a result of a fall down a common stairway on defendant's premises wherein she was a tenant. The complaint alleged defendant's negligence in failing to install handrails on the stairway "which was steep and dangerous" and in allowing it to fall into disrepair. On July 9, 1954, the trial court made its order granting summary judgment dismissing the action on the basis of plaintiff's deposition taken prior to trial pursuant to Rule 27.01 of Rules of Civil Procedure. This is an appeal from such judgment.

In her deposition plaintiff testified that she had occupied an apartment on the third floor of defendant's premises for two or three years prior to the accident; that several times daily in going to and from her apartment during said period she had used the stairway involved which connected the second and third floors of the building; that it was comprised of two series of eight steps each, with a landing and a turn between; that at the time of the accident it was adequately lighted and in good condition; that there was no debris, nothing slippery, and no defects thereon; that as she approached it to de-

scend, both her arms were filled with a number of packages she was about to deliver as Christmas gifts; that as she stepped off the top step, she fell but did not know what caused her to fall; that immediately she dropped her packages and reached out to grasp anything that would check her fall; but there being nothing there, she fell to the first landing sustaining the injuries for which this action was instituted.

When asked what she thought defendant had done or failed to do which caused her to fall, she replied:

"* * * I thought * * * if there had been a railing there when I reached out, there would be something * * * to take a hold of, I could probably have stopped it, * * * you once start falling you have to have something to take hold of to stop it."

Asked if there was anything else that would have any connection with the accident—anything the owner should or should not have done—she replied: "I couldn't think of anything." She testified that there were no witnesses who could add to her testimony and that her brother who had examined the stairway the day following the accident found nothing which could have caused the fall.

The deposition establishes that plaintiff relies exclusively on defendant's failure to provide handrails as the basis for her action. Ordinance No. 110, § 604 (8), of the city of Mankato, effective June 10, 1948, intended to regulate "the construction, alteration, equipment, repair, or removal of buildings," provides that stairs less than 44 inches in width in such buildings shall have handrails on at least one side, and if wider, then on both sides. It was stipulated that the building in which the accident occurred was constructed prior to the enactment of this ordinance and that since its adoption no pertinent construction, alteration, modification, or repair has been undertaken therein.

It is plaintiff's contention that she is within the class for whose benefit the ordinance was enacted; that it is remedial in nature and applicable to building equipment; and that hence defendant was obligated to comply with its terms, notwithstanding his building had been constructed prior to its adoption. She asserts further that, even if the ordinance be deemed inapplicable, her allegation that the

stairway was steep and dangerous and that defendant had failed to provide a handrail therefor would support a finding under common-law principles that he had failed to exercise reasonable care and that this issue was not adversely determined by her deposition.

At the hearing on the motion for summary judgment, no further evidence was submitted; no suggestion was made that evidence could be produced which would support a claim of negligence other than that relating to defendant's failure to provide handrails; and no continuance was sought for the purpose of producing such evidence by deposition or otherwise as provided by Rule 56.06 of Rules of Civil Procedure. It is plaintiff's contention that on the record at that time no burden then rested upon her to take any such measure.

■ We have recently held that issues of negligence are not subject to summary adjudication unless material facts are undisputed and, as a matter of law, compel but one conclusion. Sauter v. Sauter, 244 Minn. 482, 70 N. W. (2d) 351; Lindgren v. Sparks, 239 Minn. 222, 58 N. W. (2d) 317; 6 Moore, Federal Practice (2 ed.) par. 56.17[42]; Wright, Minnesota Rules, p. 331. Where on motion for summary judgment lack of an issue is indicated, the motion must be granted unless the opposing party satisfies the court that there is a triable issue (Appolonio v. Baxter [6 Cir.] 217 F. [2d] 267; Surkin v. Charteris [5 Cir.] 197 F. [2d] 77), or, in compliance with Rule 56.06, establishes by affidavit that essential facts indicating such an issue and justifying his position cannot be presented by affidavit or otherwise at that time. Some indication should then be given the court as to the proof to be submitted thereon and as to the steps undertaken to procure it.

■ Rule 56.06 was not intended to permit the withholding of evidence until trial (Engl v. Aetna L. Ins. Co. [2 Cir.] 139 F. [2d] 469), or to authorize delays in the hope that material issues might later be raised for such results would substantially destroy the efficacy thereof. Dyer v. MacDougall (2 Cir.) 201 F. (2d) 265; Orvis v. Brickman, 90 App. D. C. 266, 196 F. (2d) 762; Radio City Music Hall Corp. v. United States (2 Cir.) 135 F. (2d) 715. Where there has been no attempt to comply with it, the disposition of the motion for summary judgment must be determined on the pleadings, affidavits, and

168

depositions before the court at the hearing thereon. Marion County Co-op. Assn. v. Carnation Co. (8 Cir.) 214 F. (2d) 557; Foster v. General Motors Corp. (7 Cir.) 191 F. (2d) 907, certiorari denied, 343 U. S. 906, 72 S. Ct. 634, 96 L. ed. 1324, rehearing denied, 343 U. S. 937, 72 S. Ct. 768, 96 L. ed. 1344.

■ Here, by reason of plaintiff's deposition, only one of the complaint's allegations as to defendant's negligence was left undetermined at the time of the hearing on the motion. This related to his failure to provide a handrail for a "steep and dangerous" common stairway. To support her contention that this constituted negligence sufficient to leave an issue for trial, notwithstanding her deposition, plaintiff first directs attention to ordinance No. 110, § 604(8), requiring that stairways of less than 44 inches in width be provided with handrails on at least one side thereof. Plaintiff of course is within the class intended to be protected by such an ordinance (Judd v. Landin, 211 Minn. 465, 1 N. W. [2d] 861; O'Donnell v. Barach, 1 Ill. App. [2d] 157, 116 N. E. [2d] 912) if it be held applicable to buildings such as defendant's which were constructed before its enactment. However, § 104(6) of the 1943 Building Code recommended by The National Board of Fire Underwriters, adopted with § 604(8) as part of ordinance No. 110, specifies that nothing shall require the removal or alteration of any lawfully existing building, or prevent continuance of its use and occupancy, except where necessary for the safety of life or property; while § 600(3), likewise part of the Mankato ordinance, further specifies that buildings theretofore erected and not provided with prescribed exit facilities need be provided therewith only if directed by written order of the proper building official. There is nothing in the record to indicate that insofar as defendant's property is concerned such an order was ever made either as to handrails or other alterations for the stairway involved. By virtue of the above provisions, it would follow that ordinance No. 110, § 604(8), could not be made applicable to defendant's property constructed long before its effective date.

■ This is not contrary to Judd v. Landin, 211 Minn. 465, 1 N. W. (2d) 861, relied upon by plaintiff. There, § 604.1 of the Minneapolis building code, which required that handrails be provided on both

sides of all stairways three feet six inches or more in width in "all buildings" except single family dwellings, was held applicable to a hotel building already constructed because no exception had been made therefor in the code. There, it was held that a more general provision in § 107.2 of the code, exempting existing buildings from compliance with the code otherwise, did not prevail over the specific language of § 604.1 encompassing *all buildings* except single family dwellings, insofar as it related to handrails on stairways of the size described. The language of § 604.1 as above quoted differs substantially from that of the Mankato ordinance above described which by its terms regulates the construction, alteration, equipment, repair, or removal of buildings, effective June 10, 1948, and which specifically exempts existing buildings from compliance with provisions thereof relating to exit facilities under which the handrail requirements are set forth.

◼ Plaintiff further contends that under common-law principles defendant's omission to provide handrails for the stairway created an issue of negligence. The landlord who retains possession and control of stairways for the common use of his tenants, although not an insurer of the safety of such stairways, owes the duty of exercising ordinary care to see that they are constructed and maintained in a reasonably safe condition for the use of such tenants. Nubbe v. Hardy Continental Hotel System, 225 Minn. 496, 31 N. W. (2d) 332; see, Swenson v. Slawik, 236 Minn. 403, 53 N. W. (2d) 107; Iverson v. Quam, 226 Minn. 290, 32 N. W. (2d) 596. While it has been held that the absence of a handrail on an *ordinary* stairway free of defects is not indicative of the failure of a landlord to exercise reasonable care (Walimaa v. Maki, 163 Minn. 352, 204 N. W. 25, 41 A. L. R. 965; Darrach v. Trustees of S. F. Medical Assn. 121 Cal. App. [2d] 362, 263 P. [2d] 469), this rule would not apply where the stairway involved is defective or where it has been constructed or is maintained in a way which might be regarded as dangerous for tenants using the same. In such instances, it might well be found that ordinary care would require a handrail thereon as a safety measure. Kidd v. Thomas Gilcrease Foundation (5 Cir.) 194 F. (2d) 129; White v. Herbst, 128 Conn. 659, 25 A. (2d) 68; Dexter v. Fisher, 256 App. Div.

170

738, 11 N. Y. S. (2d) 776, affirmed, 281 N. Y. 744, 23 N. E. (2d) 553; Coventry Leasehold Co. v. Welker, 43 Ohio App. 82, 182 N. E. 688; see, Annotation, 25 A. L. R. (2d) 364.

Here, the complaint alleged that defendant's stairway was "steep and dangerous." Should there be evidence establishing this or that otherwise it was not an ordinary stairway, a fact issue might then arise as to whether defendant's failure to provide a handrail therefor constituted lack of ordinary care on his part. It follows that the allegations referred to, and the absence of anything in the deposition nullifying plaintiff's claim with respect thereto left this possible issue for determination and that therefor summary judgment should not have been ordered.

■ Defendant asserts that, regardless of any issue relating to defendant's negligence because of his failure to provide a handrail, the record as it existed at the time of the hearing on the motion for summary judgment clearly established as a matter of law plaintiff's contributory negligence and assumption of risk in using the stairway. Reference to our previous decisions where similar situations have existed indicates that these issues would be for determination by the jury. Therein, we have held, that although a tenant may be familiar with the defective condition of premises, this fact would not establish that his use thereof constituted contributory negligence or assumption of risk, as a matter of law, unless the defective condition was obviously so dangerous that a reasonably prudent person would consider such use to be foolhardy. Swenson v. Slawik, *supra;* Nubbe v. Hardy Continental Hotel System, *supra;* Lincoln v. Cambridge-Radisson Co. 235 Minn. 20, 49 N. W. (2d) 1; Schrader v. Kriesel, 232 Minn. 238, 45 N. W. (2d) 395. Based on these principles, we must hold that issues with respect to plaintiff's contributory negligence or assumption of risk were not determinable as a matter of law.

The judgment appealed from is reversed.

Reversed.

MR. JUSTICE FRANK T. GALLAGHER took no part in the consideration or decision of this case.