JOHNSON BROTHERS WHOLESALE LIQUOR COMPANY, INC.
v. BEN L. PRICE AND ANOTHER.

195 N. W. 2d 830.

March 17, 1972—No. 42952.

*Firestone, Fink, Krawetz, Miley & Maas, William W. Fink,* and *Kenneth J. Maas, Jr.,* for appellant.

*Shanedling, Phillips, Gross & Aaron* and *Felix M. Phillips,* for respondent.

Heard before Knutson, C. J., and Murphy, Otis, and Peterson, JJ.

Per Curiam.

Johnson Brothers Wholesale Liquor Company, Inc., brought an action against defendant Highland Terrace, Inc., doing business as Coleman's in Highland, on an unpaid account of $46,806.77 and against individual defendant Ben L. Price on a written guaranty to pay the account. Default judgment was entered against the corporate defendant; and after answer, deposition, and interrogatories, plaintiff's motion for summary judgment against the individual defendant was granted. He appealed.

It is undisputed that the merchandise in the form of liquor was sold by plaintiff to the corporate defendant and that there remained unpaid a balance of $46,806.77. It is beyond question that the individual defendant executed and delivered his personal written guaranty to answer for the indebtedness. Nevertheless, in answer to an interrogatory, he stated "[t]hat he has no recollection that he did sign the alleged guarantee and therefore denies that he did sign the alleged guarantee." At a subsequent deposition, he refused to identify his signature to the guaranty or to answer questions in connection with the issues, contending that there was an "illegal consideration in connection with the alleged guarantee agreement." He denied that "there was a valid and existing guarantee agreement by the terms of which Ben L. Price is legally responsible for the debt of the other defendants." It was apparently his contention that the guaranty was not valid because the agreement was made illegal by the provisions of Minn. St. 340.405. and 340.407, which relate to the sale at wholesale of beer to retailers. At the hearing on the motion for summary judgment, the trial court had before it not only the interrogatories and deposition but also an affidavit by an officer of plaintiff to the effect that the guaranty was in fact executed by the individual defendant and that no substantial credit would have been extended to the corporate defendant had the guaranty not been signed.

In Midway Nat. Bank v. Gustafson, 282 Minn. 73, 78, 165 N. W. 2d 218, 222 (1968), we said:

"When two competent parties who can readily read and write, sign a guaranty agreement and the plaintiff on the basis of the guaranty extends credit to the other defendant, there is nothing left for a Court to do but to find a judgment against such guarantors."

The purpose of the summary judgment rule is to afford a procedure for a just, speedy, and inexpensive disposition of actions where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56.03, Rules of Civil Proce-

dure; Lindgren v. Sparks, 239 Minn. 222, 58 N. W. 2d 317 (1953). On the basis of the record, it seems to us that the trial court properly granted plaintiff's motion for summary judgment. The defenses suggested by the individual defendant are equivocal, if not frivolous, and without sufficient merit to require further discussion.

Affirmed.