Winifred P. JENISTA, et al.,
Respondents,

v.

BURLINGTON NORTHERN AIRMOTIVE, INC., f.k.a. Northern Airmotive, Inc., et al., Appellants.

No. CO–85–2219.

Court of Appeals of Minnesota.

June 17, 1986.

Donald E. Horton, Jr., Gregg E. Isaacson, Horton and Associates, Minneapolis, for respondents.

Donald C. Mark, Jr., Gayle Hendley-Zappia, Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, Minneapolis, for appellants.

Heard, considered and decided by LANSING, P.J., and FOLEY and WOZNIAK, JJ.

## OPINION

FOLEY, Judge.

Defendant Burlington Northern Airmotive, Inc. (BNA) appeals from the trial court judgment and from its denial of motions for a judgment notwithstanding the verdict or a new trial on its counterclaim. BNA asserts that the trial court erred in ordering judgment only against Flightways, Inc. and not against George Jenista personally when BNA presented the court with a personal guaranty and promissory note signed by Jenista in an individual capacity. We agree and reverse.

## FACTS

George B. Jenista, as founder and president of a Minnesota corporation entitled Flightways, Inc., sought and obtained credit from Northern Airmotive, Inc., now Burlington Northern Airmotive, Inc., for repairs to be made on aircraft owned by Flightways. Jenista made his first contact with BNA on April 11, 1979. On that day he filled out a credit application for "Flightways International," a limited partnership, noting that he and Marvin Sievert

were its partners. In addition, Jenista signed the following personal guaranty form on April 11, 1979:

I, George B. Jenista, * * *, for and in consideration of your extending credit at my request to Flightways Int'l (hereinafter referred to as the "Company"), of which I am Partner hereby personally guarantee to you the payment at Northern Airmotive, Inc., Minneapolis in the State of Minnesota of any obligation of the Company and I hereby agree to bind myself to pay you on demand any sum which may become due to you by the Company whenever the Company shall fail to pay the same. It is understood that this guaranty shall be a continuing and irrevocable guaranty and indemnity for such indebtedness of the Company. I do hereby waive notice of default, nonpayment and notice thereof and consent to any modification or renewal of the credit agreement hereby guaranteed.

/s/ George B. Jenista

BNA then performed repairs on a Aero Commander aircraft owned by Flightways International. A short time thereafter, Jenista incorporated this business as Flightways, Inc., the name Flightways International having been rejected by the Secretary of State. Subsequently, Flightways, Inc. became further indebted to BNA for repairs made to the aircraft. On November 7, 1979, Jenista sent a letter to BNA, as president of Flightways, Inc., acknowledging that, as stated in BNA's November 1st statement, Flightways, Inc. was indebted to BNA in the amount of $13,638.42. Jenista indicated that Flightways, Inc. would pay off this sum in monthly installments of $1,000 with the final installment being paid in January 1981. On March 30, 1980, Jenista signed and delivered a promissory note for $14,000 to BNA on which payments were made through February 1982. This note, states in part:

For Value Received, the undersigned, George B. Jenista, of Bloomington, Minnesota, does promise to pay to the order of Burlington Northern Airmotive Inc., a Minnesota corporation, the sum of Four-

teen Thousand Dollars ($14,000.00) together with interest at the rate of eight percent (8%) per annum, computed on the unpaid balance, including accrued interest, commencing March 30, 1980, and continuing until the principal sum and accrued interest are paid in full. \* \* \*

\*     \*     \*     \*     \*     \*

Presentment for payment, notice of dishonor, protest and notice of protest are hereby waived.

George B. Jenista expressly acknowledges that this note is given to secure past due aircraft service, repair and maintenance charges due to Burlington Northern Airmotive Inc. from Flightways, Inc., which obligations have been previously personally guaranteed by him. This note shall not extinguish the underlying obligation except to the extent actually paid, until paid in full according to its terms.

/s/ George B. Jenista

Although George Jenista and his daughter Winifred, doing business as Flightways, Inc., initiated this suit to recover damages from BNA because of allegedly defective repairs, the issue on appeal arises from BNA's counterclaim on a personal guaranty and promissory note signed by Jenista. Following trial, Jenista obtained a judgment against BNA in the amount of $7,500 for incidental damages as a result of BNA's breach of contract to repair. BNA obtained a judgment on its counterclaim in the amount of $6,759.40, plus interest from the date of the last payment, against Flightways, Inc., but not against George Jenista individually. Both parties moved for judgment notwithstanding the verdict or a new trial. The trial court denied these motions and entered judgment. This appeal and cross-appeal followed. The cross-appeal has been abandoned by respondents.

## ISSUE

Did the trial court err in holding that Burlington Northern Airmotive, Inc. could not recover against George Jenista individually on a personal guaranty and promissory note signed by him in an individual capacity?

## ANALYSIS

At trial, appellants sought a directed verdict on the March 30, 1980 promissory note and April 11, 1979 personal guaranty signed by George Jenista. During the in-chambers discussion of this motion, Jenista's attorney noted that he had seen the documents and stated, "it's been our position that it's subject to offset but that the debt was owed." The trial court asked what the consideration was for the note and appellants indicated it was "services rendered." The court then examined the guaranty referred to in the note and concluded that it did not obligate Jenista personally but rather Flightways International of which Jenista was a partner. The directed verdict was denied.

The trial continued and appellants admitted as exhibits the credit application of April 11, 1979, the personal guaranty of April 11, 1979, the Jenista letter of November 7, 1979, and the promissory note of March 30, 1980. George Jenista verified his signature on each of these documents. Jenista testified that Flightways International was listed as the company on the credit application and personal guaranty since that was the name applied for with the Secretary of State. When the Secretary of State rejected the Flightways International name, the name Flightways, Inc. was chosen. Jenista testified that his November 7th letter to BNA therefore referred to debts of Flightways, Inc., but that it was the same entity as Flightways International and the same entity for which he had signed the credit application and personal guaranty.

Following trial, BNA again sought a directed verdict on the note against Jenista. The trial court ruled as a matter of law that Jenista was not personally obligated to pay the note because no consideration had been given for the note.

After judgment was ordered in favor of BNA and against Flightways, Inc. (not George Jenista) on the promissory note and

personal guaranty, BNA made its post-trial motions arguing that *Jenista* was personally obligated on the note of March 30, 1980, which referenced his personal guaranty of April 11, 1979. The trial court denied BNA's motions, finding that Jenista acted only in his corporate capacity in signing the note and guaranty and was not personally liable.

■ The trial court erred in not holding Jenista personally liable on either the note or guaranty. Once BNA proved the guaranty agreement was signed only by George B. Jenista and not in a representative capacity, it became entitled to a judgment against him for the debt incurred.

> When two competent parties who can readily read and write, sign a guaranty agreement and the plaintiff on the basis of the guaranty extends credit to the other defendant, there is nothing left for a Court to do but to find a judgment against such guarantors. * * * People who sign documents which are plainly written must expect to be held liable thereon. Otherwise written documents would be entirely worthless and chaos would prevail in our business relations.

*Watkins Products, Inc. v. Butterfield*, 274 Minn. 378, 380, 144 N.W.2d 56, 58 (1966) (quoting trial court with approval). *See Johnson Brothers Wholesale Liquor Co. v. Price*, 293 Minn. 373, 374–75, 195 N.W.2d 830, 831 (1972). The personal guaranty was supported by adequate consideration because BNA suffered detriment by extending credit to Flightways, Inc. for aircraft repairs. *See Southdale Center, Inc. v. Lewis*, 260 Minn. 430, 439, 110 N.W.2d 857, 863 (1961). The defense that the guaranty was for Flightways International, rather than Flightways, Inc., was not asserted by Jenista, but by the trial court. The parties had no misunderstanding as to each other's true names. BNA established at trial that Flightways International was the same entity as Flightways, Inc.

■ The promissory note executed by Jenista on March 30, 1980, although executed after the debts for aircraft repair were incurred, is also enforceable against Jenista who signed it in an individual rather than in a corporate capacity. "[N]o consideration is necessary for an instrument or obligation thereon given in payment of or as security for an antecedent obligation of any kind." Minn.Stat. § 336.3–408 (1984). As a holder of the note, BNA was entitled to payment once it produced the signed note. *See* Minn.Stat. § 336.3–301, § 336.3–307(2) (1984). Jenista is "personally obligated" on the note because when he signed his own name to it, he did not indicate that he signed the note "in a representative capacity," on behalf of Flightways, Inc. *See* Minn.Stat. § 336.3–403(2)(a).

Jenista argues that in *Baker v. Citizens State Bank of St. Louis Park*, 349 N.W.2d 552 (Minn.1984), the supreme court overruled Minn.Stat. § 336.3–408, which states that no consideration is required to support a note securing an antecedent debt. We think *Baker* is clearly distinguishable. *Baker* notes that "a preexisting debt is not sufficient consideration for a *third-party guarantee*." *Id.* at 557 (emphasis supplied). Here, the personal guaranty was supported by adequate consideration and no one challenged the validity of the consideration supporting the underlying debt for the note.

## DECISION

The trial court erred in ruling that Flightways, Inc., not George Jenista, was liable on the promissory note of March 30, 1980 and the personal guaranty of April 11, 1979. Accordingly, we reverse that portion of the judgment granting BNA judgment against Flightways, Inc. and direct that judgment be entered for Burlington Northern Airmotive, Inc. against George B. Jenista individually in the amount of $6,759.40, plus interest from March 1, 1982.

Reversed with directions.