## ARTHUR F. PETERSON v. W. T. RAWLEIGH COMPANY.

144 N. W. (2d) 555.

July 29, 1966—No. 40,014.

*Rider, Bennett, Egan & Johnson, David F. Fitzgerald,* and *William T. Egan,* for appellant.

*Blatz, Gale & Christian, Stuart E. Gale,* and *Loren Gross,* for respondent.

OTIS, JUSTICE.

Plaintiff, a business invitee, was awarded damages for personal injuries sustained in a fall while crossing a parking lot maintained by defendant adjacent to its place of business. Defendant appeals from an order denying its motion for judgment n. o. v. or a new trial.

At the time of the accident plaintiff was a retired machinist, 69 years of age, who was employed by defendant to distribute household goods, soaps, cosmetics, and medicines. A number of other persons

past retirement age were similarly employed. On Monday, November 26, 1962, at about 11 a. m., plaintiff drove his automobile into a parking lot immediately north of defendant's building in a closely built-up commercial area in Minneapolis. He backed into the west end of a loading dock which was 50 or 60 feet in length, with a view to using the main entrance of the building on Third Street rather than walking up steps located at the east end of the dock. According to plaintiff, although Third Street was dry, there was no street parking available in the immediate vicinity of the building and had there been it would have denied him the convenience of the dock.

On the previous Friday there had been a substantial snowfall which had been compacted by cars using the lot. Plaintiff testified that there was less water and ice where he parked than in other parts of the lot. Upon opening the door of the car, he observed that the surface of the parking area was icy, and although he wore rubbers and was dressed in heavy clothing, he realized that he would have to be careful to avoid a fall. The defendant had neither ploughed nor sanded the surface. When plaintiff left his car it was his purpose to take order blanks into the building and have defendant's products loaded into the car from the dock. He had traversed 15 or 20 feet when he slipped and fell heavily to the ground, sustaining substantial injuries.

The issues are, first, whether as a matter of law defendant was free from negligence; and second, whether the questions of plaintiff's contributory negligence and assumption of risk were properly matters for determination by the jury.

■ In support of its contention that it violated no duty toward the plaintiff, defendant asserts that as the possessor or owner of land it had a duty only to make its premises reasonably safe for invitees or give adequate warning to prevent harm from dangerous conditions on the premises, and that it is not liable for injuries caused by defects which were obvious to, and comprehended by, plaintiff.[1] We think the better rule is that adopted by Restatement, Torts (2d) § 343 A, as follows:

---

[1] Zuercher v. Northern Jobbing Co. 243 Minn. 166, 171, 66 N. W. (2d) 892, 896; Minnesota Jury Instruction Guides, Instruction 333.

"(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, *unless the possessor should anticipate the harm despite such knowledge or obviousness.*" (Italics supplied.)

Our views are well summarized in comment *f* as follows:

"There are, however, cases in which the possessor of land can and should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger. In such cases the possessor is not relieved of the duty of reasonable care which he owes to the invitee for his protection. This duty may require him to warn the invitee, or to take other reasonable steps to protect him, against the known or obvious condition or activity, if the possessor has reason to expect that the invitee will nevertheless suffer physical harm.

"* * * Such reason may also arise where the possessor has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk. In such cases the fact that the danger is known, or is obvious, is important in determining whether the invitee is to be charged with contributory negligence, or assumption of risk. * * * It is not, however, conclusive in determining the duty of the possessor, or whether he has acted reasonably under the circumstances." [2]

As the trial court observed in its memorandum, there are situations which are so obviously dangerous the owner has no duty to warn an invitee. This, however, is not such a case. Here a jury could find defendant should have foreseen that its elderly distributors would come to the loading dock for its products and attempt to negotiate the area between the dock and the entryway despite the slippery conditions. Under such circumstances we concur in the court's holding that the evi-

---

[2] See, 2 Harper & James, Law of Torts, § 27.13, p. 1493; Prosser, Torts (3 ed.) § 61, p. 404, note 59. The actual holding of no Minnesota case is inconsistent with the Restatement rule.

dence supports a conclusion it was the defendant's duty either to make the area safe for pedestrian travel or take appropriate measures to prevent the lot from being accessible.[3] We therefore hold it was proper to submit defendant's negligence to the jury.[4]

■ A more difficult question is presented by defendant's claim that plaintiff is barred from recovery because he assumed the risk of the injury he sustained and was guilty of contributory negligence. Defendant particularly relies on Syverson v. Nelson, 245 Minn. 63, 70 N. W. (2d) 880, and Geis v. Hodgman, 255 Minn. 1, 95 N. W. (2d) 311. Both cases involved injuries resulting from falls on slippery surfaces; however, in neither did we find it necessary to consider the exigencies which governed the plaintiff's decision to proceed into a dangerous situation. In this respect the instant case is distinguishable. Defendant would have us apply a rule which would bar recovery to an invitee who, knowing of the danger and appreciating the nature and extent of the risk, acquiesces in assuming it, without regard to whether or not there were compelling circumstances which prompted plaintiff's decision. We believe this is too rigid a definition of the law of assumption of risk and contributory negligence and would often lead to an unconscionably harsh result where an invitee's injury occurred while he was acting under compulsion within the scope of the owner's invitation.

In a number of Minnesota cases we have held that where the dilemma is created by defendant's tortious conduct, a plaintiff is not necessarily guilty of assuming a risk encountered under compulsion which leaves him with no reasonable alternatives.[5] Thus, in Behrendt v. Ahlstrand, 264 Minn. 10, 19, 118 N. W. (2d) 27, 33, on which plaintiff relies, we noted that defendant had "failed to present any evidence to

---

[3] Had plaintiff used the lot contrary to directions he would have lost his status as an invitee and would be entitled only to the protection accorded a licensee. Behrendt v. Ahlstrand, 264 Minn. 10, 17, 118 N. W. (2d) 27, 32; Restatement, Torts (2d) § 341.

[4] Dore v. Swift & Co. 175 Minn. 545, 221 N. W. 904; Schrader v. Kriesel, 232 Minn. 238, 45 N. W. (2d) 395.

[5] Donald v. Moses, 254 Minn. 186, 94 N. W. (2d) 255. See, Restatement, Torts (2d) § 496 E, comment c; Prosser, Torts (3 ed.) § 67, p 465; Keeton,

show * * * what safer approaches or exits had been made available to plaintiff as a business invitee."

Two cases arising in other jurisdictions are also illustrative. Foster v. A. P. Jacobs & Associates, 85 Cal. App. (2d) 746, 754, 193 P. (2d) 971, 976, held that an employee who, with full knowledge of the slippery condition of a newly waxed floor, proceeded across it to reach her place of employment was not barred from recovering for injuries she sustained from a resulting fall. The court stated that she could not be expected "to either quit her job or waive all recourse for using a floor that her duties of long standing required her to use just because her employer's landlord chose not to exercise ordinary care in maintaining the floor * * *." A similar result was reached in Morris v. A. & P. Tea Co. 384 Pa. 464, 121 A. (2d) 135, where, as here, plaintiff fell in an icy parking lot. There the court held (384 Pa. 469, 121 A. [2d] 139):

"* * * The question to be determined in situations of this kind is whether the danger so outproportions the hardship of seeking ways out of it, that the Court should say it was folly for the guest to enter the danger zone at all."

In Swenson v. Slawik, 236 Minn. 403, 410, 53 N. W. (2d) 107, 111, we stated that because he "had no other course to follow" in performing his job as garbage collector, the plaintiff did not necessarily assume the risk when he was injured using an elevator he knew was defective. Again, in Rudd v. Village of Bovey, 252 Minn. 151, 155, 89 N. W. (2d) 689, 692, essentially the same point is made:

"Here, it does not appear that Mrs. Rudd was deliberately choosing a dangerous route when a more safe one was available. * * * Under defendant's contentions, if Mrs. Rudd were to absolve herself from the claim of negligence, she would have been obligated to sidestep, hop, skip, and jump her way down this block in every effort to avoid its

---

*Personal Injuries Resulting from Open and Obvious Conditions,* 100 U. of Pa. L. Rev. 629, 640.

See, also, King Soopers, Inc. v. Mitchell, 140 Colo. 119, 126, 342 P. (2d) 1006, 1010.

numerous rises and depressions while enroute to her employment. We do not think she was required to go to such lengths or to adopt such methods of travel to escape either the charge of negligence or the assumption of risk as a matter of law."

Restatement, Torts (2d) § 496 E, comment *d,* indicates that with respect to the issue of voluntariness contributory negligence and assumption of risk substantially coincide.[6] In the absence of a reasonable alternative, a business invitee may nevertheless be denied recovery as a matter of law when he undertakes a course of conduct which is so obviously rash and fraught with danger that a reasonably prudent man would consider it foolhardy.[7] The burden is on defendant to prove the availability of a safer route of travel.[8]

Applying to the case at hand what we have said, the jury could find that plaintiff upon reaching his destination was obliged to elect between parking where he did, making it necessary to cross a stretch of dangerous ice in order to transact his business, or turn back emptyhanded, there being no convenient parking space available elsewhere in a place of safety. We believe it was within the province of the jury, under such circumstances, to weigh the importance of plaintiff's mission against the likelihood of his being seriously injured by proceeding further. Clearly, if plaintiff's purpose in reaching his destination was a relatively trivial one weighed against the risk of serious injury he faced by continuing, it was the duty of the jury to deny recovery. Conversely, where as here plaintiff is an invitee obliged to reach defendant's office to complete his business, if the jury determines that by the exercise of caution the chances of successfully negotiating the dangerous stretch of ice were great, a finding that plaintiff was justified in assuming the risk was supported by the evidence. It was therefore proper for the trial court to permit the verdict to stand.

Affirmed.

---

[6] Prosser, Torts (3 ed.) § 67, p. 468.

[7] Vosbeck v. Lerdall, 245 Minn. 164, 72 N. W. (2d) 371.

[8] Strong v. Shefveland, 249 Minn. 59, 81 N. W. (2d) 247; Slindee v. City of St. Paul, 219 Minn. 428, 18 N. W. (2d) 128; Campion v. City of Rochester, 202 Minn. 136, 277 N. W. 422.