LORRAINE SULACK AND ANOTHER v. CHARLES T. MILLER HOSPITAL.

165 N. W. (2d) 207.

February 7, 1969—No. 41072.

*Altman, Geraghty, Leonard & Mulally, Kenneth M. Schadeck,* and *James M. Corum,* for appellant.

*Mahoney & Mahoney, Geoffrey J. Mahoney,* and *John F. Angell,* for respondents.

PETERSON, JUSTICE.

Plaintiff Lorraine Sulack was injured in a fall down the steps at the entrance to the premises of defendant, Charles T. Miller Hospital, as the result of tripping over one of several strands of garden hose negligently laid in loops upon the steps by defendant's employees. Defendant moved for judgment notwithstanding the verdicts for this plaintiff and plaintiff Charles Sulack, her husband, contending that Mrs. Sulack was guilty of contributory negligence as a matter of law, or, in the alternative, for a new trial, contending that the instructions to the jury were erroneous and prejudicial. This appeal is from the order denying these motions.

■ The circumstances of the mishap are succinctly stated in the unusually candid testimony of plaintiff herself: A hose, about 1½ or 1¾ inches in diameter, had been laid in a winding arrangement over the entire width of several steps leading to the main entrance of defendant's building and across the upper landing or platform; a banister for the assistance of those climbing and descending the steps ran up the length of the steps as far as the entry platform, but no further; plaintiff saw the hose as she entered the hospital with her mother and sister to visit a pa-

tient and was so aware of the hazard that she warned her mother of the danger of tripping over the hose; plaintiff was aware of the hose as she left the hospital and, in her words, "looked right at it" as she negotiated her way across two or three of the strands on the platform; she came to one strand located only a few inches back from the first step down and, in stepping over that strand, reached out for the banister, obviously to protect herself from either tripping on the hose or making a misstep downward; and, in so doing, her 2½-inch heel was caught by the hose, causing her to stumble and fall down the stairs.

Her situation is not unlike that of the plaintiff in Rudd v. Village of Bovey, 252 Minn. 151, 89 N. W. (2d) 689, who was injured in a fall upon a defective municipal sidewalk. In the block of sidewalk upon which the plaintiff in that case was walking, there were numerous holes and depressions, one of which was about 1¼ or 1½ inches in depth. The plaintiff had traversed the block many times and had observed, and was aware of, the condition of the sidewalk and this particular depression. It was found in that case that there was nothing to distract the plaintiff's attention. Similarly, in the instant case plaintiff stated that she was "not distracted by anything." Unlike the instant case, the plaintiff in Rudd could have avoided the hazard entirely by stepping to the right or left of the depression but decided to step over it. There, in an occurrence hardly distinguishable from the instant case, the injured woman's heel struck the edge of the depression, causing her to fall down. This court held it "clear" that the issue of contributory negligence was for the jury. 252 Minn. 155, 89 N. W. (2d) 692.

The issue, nevertheless, is extremely close. Defendant here would reduce the situation to the mere physical fact that plaintiff negligently failed to lift her foot high enough. We think, however, that the totality of the circumstances does not reduce itself so simply. Under all the circumstances the jury could find that plaintiff had exercised ordinary care for her own safety, and we accordingly hold that she was not contributorily negligent as a matter of law.

■ The jury was instructed that neither plaintiff nor her husband could recover if she was guilty of contributory negligence and if such negligence was a directly contributing cause cooperating with defend-

ant's negligence in bringing about the fall. Contributory negligence was defined for the jury as failure to use care which an ordinary prudent person usually exercises under like circumstances for his own protection. The court added:

"* * * The Plaintiff was obliged to protect herself against obvious danger, unless the Defendant should have anticipated the harm despite her knowledge in which event she would not be guilty of contributory negligence."

Defendant argues that the latter instruction erroneously fused portions of plaintiff's duty of care with defendant's duty of care and prejudicially misled the jury into thinking that plaintiff had no duty whatever to exercise care for her own safety.

The challenged instruction is an imprecise adaptation of the principle stated in Restatement, Torts (2d) § 343 A, and the comment to that section, adopted for similar facts in Peterson v. W. T. Rawleigh Co. 274 Minn. 495, 497, 144 N. W. (2d) 555, 557, as follows:

"A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

          \*     \*     \*     \*     \*

"[The possessor may have reason to expect that the invitee will suffer physical harm notwithstanding its known or obvious danger.]

"* * * Such reason may also arise where the possessor has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk. In such cases the fact that the danger is known, or is obvious, is important in determining whether the invitee is to be charged with contributory negligence, or assumption of risk. * * * It is not, however, conclusive in determining the duty of the possessor, or whether he has acted reasonably under the circumstances." (Italics omitted.)

We think that the instructions, considered as a whole, were not preju-

dicial. Although it is argued that the defense of contributory negligence was "destroyed," defendant made no objection to the instructions when given. We doubt that the jury was left ignorant of the fact that knowledge of the danger was an important consideration in judging whether plaintiff exercised reasonable care under the circumstances. Defendant's primary position is that any reasonable person would have to find that plaintiff was contributorily negligent under *any* principle of law.

Affirmed.

OTIS, JUSTICE (dissenting).

If there is anything left of the doctrine of contributory negligence, in my opinion it has to be applied as a matter of law in the case at hand.

This plaintiff not only threaded her way through the hose on the way into the hospital, but warned her mother of the danger, both in ascending and descending the steps. The only reason she fell is because she neglected to step over the hose which she was looking at. There were no distractions, the weather was clear and dry, and, unlike Peterson v. W. T. Rawleigh Co. 274 Minn. 495, 144 N. W. (2d) 555, there was no urgent compulsion for her to undertake the hazardous route which she pursued. In my opinion, the fact a hospital is grossly negligent does not do away altogether with the necessity for invitees to avoid obvious dangers or exercise ordinary care to avoid the threat of injury which is presented. It is difficult for me to envision a case where contributory negligence is more obvious. I would reverse.

KNUTSON, CHIEF JUSTICE (dissenting).

I agree with the dissent of Mr. Justice Otis.