## JOHN J. KONOVSKY v. KRAUS-ANDERSON, INC.

237 N. W. 2d 630.

January 9, 1976—No. 45640.

*Wm. J. Nierengarten,* for appellant.
*Baudler & Baudler* and *William J. Baudler,* for respondent.

SCOTT, JUSTICE.

Plaintiff, John J. Konovsky, commenced an action in the Mower County District Court to recover for personal injuries sustained when he fell on February 13, 1971, on the ice-covered parking lot of the Mall Shopping Center maintained by defendant, Kraus-Anderson, Inc., in Austin, Minnesota. In a special verdict, the jury found that both plaintiff and defendant were causally negligent and apportioned the negligence at 80 percent to defendant and 20 percent to plaintiff. The total damages were determined at $10,000. Defendant appeals, contending that as a matter of law defendant was not negligent, that plaintiff was negligent as a matter of law, that the court erred in failing to instruct the jury on the question of plaintiff's assumption of the risk and finally, that causation was not established. We affirm.

On the evening of February 13, 1971, plaintiff, a 67-year-old man, had parked his car in the parking lot of the Mall Shopping Center approximately 75 feet from the entrance to the Red Owl grocery store. He stated that he was familiar with the area, weather conditions at the time of the accident, and the manner in which the two-lane grocery pickup is maintained in front of the store.

His recollection was that the parking lot had been substantially cleared of snow, but that there were scattered patches of ice. Prior to the incident, he had had no trouble walking the distance from his car to the place where he fell. He stated that he had undergone surgery 6 months before and was therefore very careful about the possibility of slipping. On this date there were approximately five cars lined up parallel to the store entrance waiting for grocery pickup and blocking his direct path.

In any event, he knew it was icy, but was unaware of a thin coating of water apparently covering the ice in that area caused, in his opinion, by the exhaust from the stopped automobiles melting the top layer of ice. He slipped and fell to the ground and then had difficulty in recovering from his fall. He stated that

he had looked and had seen the ice but did not see the water which he claims precipitated his fall.

He informed the employees of the store of the danger and was told of similar complaints. On his way back to his parked automobile, he took a different route over a sidewalk and reached his automobile without further incident.

That same evening he experienced abdominal pain. The following Monday he consulted a physician, was referred to the Mayo Clinic, and had abdominal surgery on February 18, 1971, for an epigastric hernia. At the trial the treating physician, Dr. D. L. Conn, stated the presumption upon which his opinion was based —because the patient first noticed the herniation after the fall, he presumed there was a causal relationship—and concluded that there was no reason to think that there was any herniation prior to the fall. This testimony was the subject of an objection by the defendant. The motion to strike the testimony was denied.

The jury also considered the testimony of Raymond Jech, the caretaker of the parking area and the representative of Kraus-Anderson in Austin, to the effect that he regularly maintained the parking area to prevent the build-up of ice and snow. He was unable to recall the precise condition of the parking area on the date of the accident, but stated that he did not assume that it was in other than good condition for that time of the year.

As a result of the injury, plaintiff was, in his words, helped into retirement from his own business. The parties stipulated to the costs of the medical services, but at the trial causation was disputed.

The matter was submitted to the jury on a general charge of negligence, including a defined standard of care owed to business visitors. The jury was then asked to compare the negligence of either party, if any, to that of the other in determining its verdict and assessing the damages. The defendant had requested specific instructions regarding plaintiff's assumption of risk and that defendant was free from negligence as a matter of law. These requested instructions were denied.

Because this action arose prior to our decision in Springrose v. Willmore, 292 Minn. 23, 192 N. W. 2d 826 (1971), the defense of secondary assumption of risk would have operated to bar entirely the recovery by plaintiff. Defendant asserts that the lower court erred in failing to submit this separate defense to the jury.

However, as we stated recently in Milloch v. Getty, 300 Minn. 442, 220 N. W. 2d 481 (1974), it is error, absent evidence of knowledge of the risk involved, to allow the jury to consider plaintiff's alleged assumption of the risk. The elements of this defense have been discussed often, but the essential element is the voluntary choice to encounter a known and appreciated danger created by the defendant. Meulners v. Hawkes, 299 Minn. 76, 216 N. W. 2d 633 (1974); Olson v. Hansen, 299 Minn. 39, 216 N. W. 2d 124 (1974).

Assumption of risk is not present in this case because the essential element of knowledge has not been established. The evidence establishes that the plaintiff was aware of several patches of ice scattered throughout the parking lot. He thus proceeded cautiously for that reason. It was not shown, however, that he was aware of the apparently more dangerous spots which were covered by the film of water. There is also a lack of evidence that any other route existed which would have been safer or of which plaintiff was aware. We therefore conclude that the lower court properly decided that this defense should not be submitted to the jury.

Defendant then suggests that it was, as a matter of law, not negligent in its maintenance of the parking facility. In addition, it relies upon Zuercher v. Northern Jobbing Co. 243 Minn. 166, 66 N. W. 2d 892 (1954), for support in its conclusion that it had no duty to warn business visitors of danger either known or obvious in the exercise of reasonable care.

We assume that a dangerous condition created by ice is or, by the exercise of ordinary care, should be noticeable in the absence of special circumstances such as in the Milloch v. Getty, *supra*, situation, or, as presented here, where another factor caused con-

siderably more danger. Rather, the Zuercher case more pointedly concerns the duty of the owner of premises to keep the premises reasonably safe for business visitors. It was for the jury to consider within the total fact situation whether this care was exercised. It may have found that a failure to warn or to take further measures to either relocate the grocery pickup or to sand or salt the area was actionable negligence.

With regard to the issue of causation, the jury considered testimony by a treating physician and the plaintiff that the herniation occurred or might have occurred as a result of the fall. There was no evidence that it existed prior to the incident or that it was a spontaneous injury. The physician testified that he presumed the injury was the result of the fall. Although this testimony exemplifies somewhat less than the strong assertion of causation to a reasonable degree of medical certainty, in the absence of direct evidence to the contrary, it is sufficient to allow the jury to base its verdict upon other than mere conjecture or speculation.

We are satisfied that the jury correctly assessed the relative negligence of each of the parties and that the trial court properly instructed the jury on the issues of negligence and contributory negligence.

Affirmed.