**Harriette LAWRENCE, et al.,
Appellants,**

v.

**Donald HOLLERICH, Margaret
Gronseth, et al., Respondents.**

No. C4–86–1049.

Court of Appeals of Minnesota.

Oct. 28, 1986.

Review Denied Dec. 17, 1986.

David E. Zins, Minneapolis, for Harriette Lawrence, et al.

Lindsay G. Arthur, Jr., Arthur, Chapman, Michaelson & McDonough, Minneapolis, for Donald Hollerich.

Thomas D. Jensen, Caryn F. Brenner, Lommen, Nelson, Cole & Stageberg, P.A., Minneapolis, for Margaret Gronseth, et al.

Heard, considered and decided by PARKER, P.J., and FORSBERG and LESLIE, JJ.

## OPINION

FORSBERG, Judge.

This is an appeal from summary judgment of a personal injury suit on the issue of negligence. The trial court granted respondents' motion for summary judgment and dismissed appellant's claim with prejudice on the basis that respondents breached no duty to appellant.

## FACTS

The facts in this case are undisputed. Respondents Margaret and Harley Gronseth are next door neighbors, and share a common border with respondent Donald Hollerich. Both backyard lawns slope downhill to the east into a wooded area containing a pond. In 1981 or 1982, Hollerich, with assistance from Mr. Gronseth, constructed a stairway leading down to the pond area where his gazebo was located. The stairway was constructed adjacent to the common boundary, but entirely on Hollerich's property. Respondents used the stairway on a regular basis during the summer months to get to the lower portion of their property to mow the lawn and for other purposes. Prior to July 24, 1984, appellant Lawrence had never seen the backyard or lower yard areas of either the Gronseth or Hollerich properties, and had never descended the hill or the stairway on the Hollerich property.

On July 24, 1984, appellant was visiting with respondent Mrs. Gronseth in the Gronseths' backyard. During the course of their visit, respondent had gone inside to get something to show appellant, and when she returned to the patio, appellant was standing in the Hollerich yard, approximately 15 to 18 feet north of the stairway. As respondent approached, appellant asked her what was located in the lower landscaped area, and they discussed briefly the pond and gazebo.

Respondent began walking back to the patio when suddenly she heard appellant exclaim "Oh, oh." When respondent turned, she saw appellant, who had removed her shoes and begun walking downhill, gaining momentum. Appellant took increasingly larger steps and finally ran into a utility pole and fell down, striking the steps. Although appellant apparently started downhill about 15 to 18 feet away from the top of the stairway, she had angled toward the steps and ended up falling down the stairway after hitting the utility pole next to the stairway. At no time did appellant use the stairway to make her way down the hill.

As a result of the accident, appellant sustained serious head injuries. Appellant brought a negligence action against respondents claiming that respondents negligently maintained the stairway in an unsafe condition, and that respondents were negligent in failing to warn appellant of the dangers posed by traversing the hillside.

The trial court granted respondents' motion for summary judgment and dismissed appellant's claim with prejudice on the basis that respondents breached no duty to appellant. Appellant appeals from that judgment.

## ISSUE

Did the trial court err in granting summary judgment in favor of respondents and dismissing appellant's claim on the basis that respondents breached no duty to appellant?

## ANALYSIS

■ On appeal from summary judgment, it is the function of the reviewing court to determine whether there are any genuine issues of material fact and whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979). In this case summary judgment was appropriate because there were no material facts in dispute and the trial judge needed only to apply the law of negligence to the facts of this case. The only issue remaining is whether the trial judge correctly applied the law to the undisputed facts.

■ In the memorandum accompanying its order, the trial court stated that the danger posed by the hill was so obvious that, as a matter of law, appellant should have been aware of the risk involved, and that there was no evidence indicating that respondents should have anticipated the resulting harm. This determination was based on Restatement of Torts 2d § 343A (1965), which states:

(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

Section 343A applies to preclude liability of a possessor of land for harm caused by defects obvious to the plaintiff. *Peterson v. W.T. Rawleigh*, 274 Minn. 495, 497, 144 N.W.2d 555, 557 (1966). The test for obviousness is not whether the injured party actually saw the danger, but whether it was in fact visible. *Munoz v. Applebaum's Food Market, Inc.*, 293 Minn. 433, 434, 196 N.W.2d 921, 922 (1972). *Munoz* reaffirmed the Minnesota rule that when the danger is apparent, recovery is precluded. *Friday v. City of Moorhead*, 84 Minn. 273, 275–76, 87 N.W. 780, 780–81 (1901).

■ There are, however, situations in which the possessor of land can and should anticipate that a dangerous condition will cause harm to someone notwithstanding its known or obvious danger. In such cases,

the duty of reasonable care of the possessor requires him to warn the invitee or to take other reasonable steps to protect him against an obvious danger if the possessor has reason to expect that the invitee will nevertheless suffer physical harm. *Peterson*, 274 Minn. at 497, 144 N.W.2d at 557–58. While acknowledging this caveat to the liability preclusion, the *Peterson* court noted that there are situations which are so obviously dangerous that the possessor has no duty to warn an invitee. *Id.* at 497, 144 N.W.2d at 558. This approach is supported by the unremarkable proposition that "no one needs notice of what he knows or reasonably may be expected to know." *Sowles v. Urschel Laboratories, Inc.*, 595 F.2d 1361, 1365 (8th Cir.1979).

In this case, there was no evidence to suggest, and appellant did not claim, that there were any hidden or unobservable conditions that made the hill more treacherous or dangerous than it obviously appeared to appellant. The trial court correctly noted that there was nothing to indicate to respondents, other than the obviousness of the steep slope, that harm would result from appellant descending the hill. Applying § 343A to the facts of this case, it is clear that the steepness of the hill was the only danger posed, and was so obvious that no warning from respondents was warranted.

## DECISION

The trial court correctly granted respondents summary judgment and dismissed appellant's negligence claim with prejudice because respondents had no duty to warn appellant of an obvious danger.

Affirmed.