**Dallas Van GORDON, Appellant,**

v.

**Daryl HERZOG, et al., Respondents.**

No. C4-87-252.

Court of Appeals of Minnesota.

Aug. 18, 1987.

Terence J. McCloskey, Dean J. Dovolos, Johnson & Sands, P.A., Minneapolis, for appellant.

Gregory A. Zinn, Foster, Waldeck & Lind, Minneapolis, for respondents.

Heard, considered and decided by FOLEY, P.J., and FORSBERG and CRIPPEN, JJ.

## OPINION

FOLEY, Judge.

This case arises as a result of injuries appellant Dallas Van Gordon sustained in a fall through an open window at a bar owned by respondents Daryl and Jean Herzog. Appeal is taken from the trial court's grant of summary judgment in favor of respondents and dismissal of appellant's

negligence claim with prejudice. We reverse and remand for trial.

## FACTS

At approximately 9:00 p.m. on October 27, 1984, appellant went to the Rustic Bar for an evening of socializing and dancing. The bar was fairly crowded when he arrived. Appellant selected a barstool in front of a large double window where one end of the bar abuts an outer wall of the building. The lower sill of the window was three to four inches from the ground.

Throughout the course of the evening, appellant left and returned to the barstool. At approximately 12:45 a.m. on October 28 while on his way back from the dance floor and in close proximity to the barstool, appellant was hailed by a friend from across the bar. As he turned to acknowledge the friend, appellant backed into the window sill, lost his balance and fell out of the window, hitting a parked car and injuring himself. It was undisputed that the window, open at the time of the accident, contained no screen, other protective device or warning to keep patrons away.

In his deposition testimony, appellant acknowledged that the window was open prior to the accident, recalling that "there was a cool breeze coming through * * *. And I remember other people commenting on how good that cool breeze felt." He stated, however, that the window *"wasn't open all night. I know that."* (Emphasis supplied.)

Appellant subsequently brought an action against respondents, claiming that they were negligent in failing to warn or protect him from the danger of the open window. Respondents moved for summary judgment. The trial court, relying on the recent case of *Lawrence v. Hollerich*, 394 N.W.2d 853 (Minn.Ct.App.1986), *pet. for rev. denied*, (Minn. Dec. 17, 1986), found that respondents owed no duty to warn or protect appellant from an obvious danger posed by the open window.

## ISSUE

Did the trial court err in determining as a matter of law that respondents owed no duty to warn or protect appellant from an obvious danger posed by the open window?

## ANALYSIS

From the outset, we emphasize that our task in reviewing a grant of summary judgment is to determine whether triable issues of material fact exist and whether the law was misapplied, not whether a jury would find the theory advanced under these facts to be credible in light of other evidence. *See Jonathan v. Kvaal*, 403 N.W.2d 256, 259 (Minn.Ct.App.1987), *pet. for rev. denied*, (Minn. May 20, 1987). Applying this well-founded principle to the present case, we believe summary judgment was inappropriate on a number of grounds.

First, the facts, when viewed most favorably to appellant, indicate the existence of distracting circumstances, factors a jury may consider in assessing the obviousness of the danger. Second, if indeed the law set forth in *Lawrence* is controlling on this case as the trial court found, then it is for a jury to determine whether respondents should have anticipated the danger despite its obviousness and taken precautions to prevent the foreseeable risk of harm. Third, cars parked directly outside the window could have created considerably more danger than that which was visible to appellant. This was a jury question, which if found would have imposed a duty to warn upon respondents. Fourth, the trial court's decision improperly disregards the concept of comparative fault. Under the comparative fault statute applicable to this action, if appellant and respondents were equally negligent, appellant would *not* be precluded from recovery.

### Distracting Circumstances

The supreme court has consistently held that distracting circumstances are factors for a jury to consider and may excuse a plaintiff's failure to see that which is in plain sight. *See, e.g., Krengel v. Midwest Automatic Photo, Inc.*, 295 Minn. 200, 206–07, 203 N.W.2d 841, 845–46 (1973) (jury could properly find that plaintiff was distracted when she fell due to a change in

elevation between adjacent floors); *Tonne v. Becker Grain & Lumber Co.*, 273 Minn. 73, 77, 139 N.W.2d 797, 799–800 (1966) (trial court properly denied defendant lumber yard's motion for JNOV when, due to noise caused by operation of other machines and customer's preoccupation with processing of his order, the jury could conclude that customer was "understandably distracted so that he would not likely see the dangerous condition to which he was exposed."); *Carter v. Western Union Telegraph Co.*, 270 Minn. 341, 345, 133 N.W.2d 833, 836 (1965) (plaintiff's failure to observe wetted sand on hotel floor was not contributory negligence as a matter of law when her attention was distracted by a sign on the exit door); *Johnson v. Brand Stores, Inc.*, 241 Minn. 388, 392–93, 63 N.W.2d 370, 373–74 (1954) (in action to recover for injuries sustained when plaintiff tripped over a scale, "[i]t was for the jury to say whether she should have looked at the floor or not and to determine whether, under the circumstances, [she] was excused from seeing that which plainly was in sight."); *Mayzlik v. Lansing Elevator Co.*, 241 Minn. 468, 477–78, 63 N.W.2d 380, 386 (1954) (in action for injuries resulting from fall on icy spot in driveway of defendant's grain elevator, "the jury could have found that plaintiff's attention was distracted by the overflowing of the grain and that in his haste to correct the situation he was exercising due care under the circumstances when the accident occurred."); *Lincoln v. Cambridge-Radisson Co.*, 235 Minn. 20, 24, 49 N.W.2d 1, 3 (1951) (in action for injuries sustained in a fall in defendant's lunchroom, "the jury could find that plaintiff, her attention distracted by the cashier and the cash register and without adequate warning of the change in floor levels, was exercising due care under the circumstances when the accident occurred.").

Here, appellant testified by deposition that he lost his balance and fell through the window when he turned suddenly to greet a friend. Moreover, it was undisputed that the bar was crowded and noisy at the time of the accident. In short, a jury could find that these circumstances operated to distract appellant from appreciating the danger posed by the open window and consequently compel the conclusion that he exercised due care. Submission of this question to a jury is further bolstered by appellant's testimony that the window was not open for the entire course of the evening.

*Anticipation of Danger*

Decision in *Lawrence* was premised on Restatement (Second) of Torts § 343A (1965), which states in relevant part:

(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, *unless the possessor should anticipate the harm despite such knowledge or obviousness.*

*Id.* (emphasis supplied).

In *Lawrence*, factors that would have imposed a duty to warn upon the landowners, despite the obvious danger of the sloping hill, did not exist. This was expressly noted by our reference to the trial court's finding that *"there was no evidence indicating that respondents should have anticipated the resulting harm".* *Lawrence*, 394 N.W.2d at 855 (emphasis supplied).

The application of section 343A was extensively discussed in *Peterson v. W.T. Rawleigh Co.*, 274 Minn. 495, 144 N.W.2d 555 (1966), where the plaintiff sustained injuries when he fell on an icy parking lot. The court rejected the defendant business owner's argument that he had no duty toward the plaintiff for injuries sustained as the result of obvious defects and adopted section 343A as "the better rule." Comment F of section 343A states:

There are, however, cases in which the possessor of land *can and should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger. In such cases the possessor is not relieved of the duty of reasonable care which he owes to the invitee for his protection. This duty may require him to warn the invitee, or to take other reasonable steps to protect him, against*

*the known or obvious condition or activity, if the possessor has reason to expect that the invitee will nevertheless suffer physical harm.*

Such reason to expect harm to the visitor from known or obvious dangers may arise, for example, *where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it.* Such reason may also arise where the possessor has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk.

Restatement (Second) of Torts § 343A, comment f (emphasis supplied). The court quoted at length from the Restatement comments as reflective of its views. *Peterson*, 274 Minn. at 497, 144 N.W.2d at 557–58.

Here, respondents are engaged in a profit-making venture that depends to a great degree upon attraction of large crowds to their premises. As stated in *Connolly v. Nicollet Hotel*, 254 Minn. 373, 95 N.W.2d 657 (1959):

[O]ne who assembles a large number of people upon his premises for the purpose of financial gain to himself assumes the responsibility for using all reasonable care to protect others from injury from causes reasonably to be anticipated.

*Id.* at 381, 95 N.W.2d at 663–64. If a business owner's responsibility to use reasonable care extends to *third persons* who are injured by the negligent acts of patrons, certainly the owner assumes the same responsibility for injuries sustained by *patrons* due to his or her own negligence.

Furthermore, it is significant that respondents are also engaged in the sale of liquor on the premises. "When a person engaged in [the business of selling liquor] permits crowds to gather upon his premises for profit, he must recognize the risks which flow from the nature of the business." *Id.* at 382–83, 95 N.W.2d at 665.

■ We cannot concur with the trial court that *as a matter of law* risk of injury to a patron consuming alcohol was not forseeable when the barstool on which he is seated is placed directly in front of a window only inches off the ground. Forseeability of injury is not dependent upon a defendant's actual notice of the particular method in which the accident occurs, but rather "the *possibility* [that] an accident was clear to the person of ordinary prudence." *Id.* at 381–82, 95 N.W.2d at 664 (emphasis supplied) (footnote omitted).

It is for a jury to ultimately decide if the risk of injury fell within respondent's range of forseeability and, if so, whether respondents exercised the degree of care required under the circumstances. *Id.* at 384–85, 95 N.W.2d at 665–66. On this latter point, it is worth noting that "[w]hile the standard of [reasonable] care remains constant, the degree of care varies with the facts and circumstances surrounding each particular case." *Id.* at 382, 95 N.W.2d at 664. Accordingly, in determining whether the proper degree of care was exercised, the jury could consider appellant's claim that reasonable precautions, such as installation of window screens, were feasible and could have prevented the risk of injury. *See id.* at 385, 95 N.W.2d at 666.

*Factors Increasing Danger*

In *Konovsky v. Kraus-Anderson, Inc.,* 306 Minn. 508, 237 N.W.2d 630 (1976), the plaintiff was injured as he traversed an icy shopping center parking lot. At trial, the testimony demonstrated that although the plaintiff was familiar with the area where the accident occurred and aware that the parking lot surface was icy, he was unaware that a thin coating of water covered the ice. The defendant argued that *as a matter of law* it had no duty to warn business visitors of the icy surface, an obvious danger. The court disagreed.

We assume that a dangerous condition created by ice is or, by the exercise of ordinary care, should be noticeable in the *absence of special circumstances * * * or, as presented here, where another*

*factor caused considerably more danger.*

*Id.* at 511–12, 237 N.W.2d at 633 (emphasis supplied).

Here, even if it were assumed that the danger of sitting near an open window was obvious, it cannot be said *as a matter of law* that appellant appreciated the additional danger posed by cars parked in close proximity to the window. This is particularly significant since appellant's injuries resulted in part from striking a car as he fell.

As in *Konovsky*, a jury in this case must determine whether additional factors caused considerably more danger than what was apparent to appellant and whether, in light of such a finding, respondents exercised the degree of care necessary to keep the premises reasonably safe for patrons.

### Comparative Fault

In 1978, Minnesota's Comparative Negligence Statute, Minn.Stat. § 604.01 (1969), was amended to reflect a broader concept of potential liability, becoming Minnesota's Comparative *Fault* Statute. 1978 Minn. Laws ch. 738, § 6. The former statute provided in pertinent part:

> Contributory negligence shall not bar recovery in an action by any person * * to recover damages for negligence resulting in death or in injury to person or property, if such negligence *was not as great as* the negligence of the person against whom recovery is sought.

Minn.Stat. § 604.01, subd. 1 (1969) (emphasis supplied).

As amended, the comparative fault statute provides in relevant part:

> Contributory fault shall not bar recovery in an action by any person * * * to recover damages for fault resulting in death or in injury to person or property, if the contributory fault *was not greater than* the fault of the person against whom recovery is sought, but any damages allowed shall be diminished in proportion to the amount of fault attributable to the person recovering.

Minn.Stat. § 604.01, subd. 1 (1978) (emphasis supplied).

Under the comparative *negligence* statute, if a plaintiff's negligence was equal to the defendant's, recovery was barred. However, under the comparative *fault* statute, appellant's recovery would only be precluded if his negligence was *greater than* respondents'. Neither the facts in this case nor the applicable law conclusively establish that appellant's negligence was greater than respondents. Appellant is entitled to advance his theories to a jury and an opportunity to prove his negligence was at most equal to respondents.

### DECISION

The trial court's grant of summary judgment in favor of respondents is reversed and the matter is remanded for trial.

Reversed and remanded.