**Michael SPERR, a minor by his mother and natural Guardian, Donna SPERR and Donna Sperr, Appellants,**

v.

**RAMSEY COUNTY, Respondent.**

**No. CO–88–355.**

Court of Appeals of Minnesota.

Sept. 27, 1988.

Review Denied Nov. 23, 1988.

Kevin L. Callahan, Paige J. Donnelly, Ltd., St. Paul, for appellants.

William H. Leary, III, Geraghty, O'Loughlin & Kenney, St. Paul, for respondent.

Heard, considered and decided by PARKER, P.J., and HUSPENI and SHORT, JJ.

## OPINION

SHORT, Judge.

On October 10, 1982, 10–year old Michael Sperr went ice skating at Aldrich arena in St. Paul. While running to his father's car after leaving the arena, Michael hit a low-hanging tree branch and sustained severe eye injuries. He and his mother brought this action against Ramsey County, which owns and operates Aldrich arena, alleging that Ramsey County negligently failed to take proper precautions to protect its business invitees from injury.

The trial court granted a directed verdict for Ramsey County. Sperr appeals, arguing that the jury should have been allowed to decide whether Ramsey County was neg-

ligent. We affirm the judgment for Ramsey County, because we agree with the trial court that Ramsey County was not negligent as a matter of law.

## FACTS

Michael Sperr testified that, on October 10, 1982, he went ice skating at Aldrich arena with his brother and two of his friends. Michael was 10 years old at the time. He and his friends left the arena at approximately 3:00 p.m. It was gray and raining. The three children left the arena from the east side, where a horseshoe shaped driveway leads in either direction to the street. Sperr saw his father's car parked on the street, on the far side of the horseshoe. Cars could not park in the arena driveway because a series of sawhorses and chains blocked the driveway at the street entrances. The children ran to the side of the driveway, through a grassy area containing trees and shrubs, toward the car of Sperr's father. Sperr admitted that he could have run down the driveway pavement and simply walked around the barracades to get to his father's car. However, he chose the fastest route to his father's car.

Sperr testified that as he ran to his father's car, a low-hanging tree branch hit him in the eye. He fell to the ground and blacked out for a short time. His friends and some other people helped him to his father's car.

Although he had skated at Aldrich arena several times before, Sperr stated that the day of the accident was the first day that he had run through the grassy area to his father's car, because his father normally parked in the arena parking lot on days when it wasn't raining. Sperr testified that he never saw the tree branch, because it was hard to see and "blended in with the sky and background and everything." On cross-examination, Sperr testified that he and his friends could have walked to the father's car by a different route than the one they followed, and that if they had done so, they would not have passed near the tree that caused Sperr's injury.

As a result of the accident, Sperr lost some of the sight in his eye, and has needed reconstructive surgery. Although the surgery has improved Sperr's vision somewhat, he will never fully regain the sight in his injured eye. The injury does not appear to significantly interfere with Sperr's daily activities, as he participates in several different sports.

Leon La Bossiere, the building superintendent at Aldrich arena, testified that children often came to the arena for skating. He testified that he and the Ramsey County director of parks and recreation decided to put the sawhorse barriers in the driveway entrances from the street, because people tended to use the driveway "as a raceway", and because he had become concerned about the safety of the children crossing the driveway.

La Bossiere also testified that, in the summer, children sometimes used the grassy areas around the arena, particularly during the annual "Sheriff's Picnic." He testified that the County had "no established procedure" for trimming the branches of the trees surrounding the arena, that he had never heard of any similar accidents involving trees near the arena, and that he had never anticipated that the tree in question would pose a safety risk because it was "not near any sidewalk areas."

Donald Johnson, the maintenance worker who regularly mowed the lawn near the offending tree, testified that he knew that there was some danger to persons mowing of being struck by low-hanging tree branches, and that he sometimes trimmed the branches to avoid running into them while mowing the lawn.

It is not clear from the testimony precisely how far the tree was from the sidewalk and the road where Mr. Sperr was parked. However, a number of photos were introduced in evidence which show that the tree was not very far from the driveway area or the road, and that some of the tree branches appear to hang less than four feet from the ground. None of them, however, appears to encroach on any sidewalks or paths.

Ramsey County moved for a directed verdict, arguing that Sperr had failed to present a prima facie case of negligence on the part of Ramsey County. The County argued that the tree was "in plain sight" and that the County had no notice that the tree posed an unreasonable risk to the public. Sperr argued in opposition that it was a question for the jury whether the tree was an "obvious hazard in plain sight" and whether Ramsey County was negligent.

The trial court granted the County's motion for a directed verdict. Sperr moved for a new trial, but the motion was denied, and judgment was entered for Ramsey County. Sperr appeals the judgment.

## ISSUE

Was it proper for the trial court to grant a directed verdict for Ramsey County?

## ANALYSIS

In reviewing a directed verdict, this court must make an independent determination whether the evidence presented at trial was sufficient to present a factual question for the jury. *Nemanic v. Gopher Heating and Sheet Metal, Inc.*, 337 N.W.2d 667, 669 (Minn.1983). All evidence favorable to Sperr, and all reasonable inferences that can be drawn from this evidence, must be accepted as true. *State Bank of Cologne v. Schrupp*, 375 N.W.2d 48, 51 (Minn.Ct. App.1985), *pet. for rev. denied* (Minn. Dec. 13, 1985) (citing *Chemlease Worldwide Inc. v. Brace, Inc.*, 338 N.W.2d 428, 432 (Minn.1983)). The directed verdict may be upheld only if it clearly would be the duty of the trial court to set aside a contrary verdict as against the weight of the evidence or as contrary to law. *Nemanic*, 337 N.W.2d at 670; *State Bank of Cologne*, 375 N.W.2d at 51.

In order to collect damages for Ramsey County's negligence, Sperr was required to show:

1) That Ramsey County owed Sperr a legal duty to avoid injuring him;

2) That Ramsey County breached this duty;

3) That the breach of duty caused injury to Sperr; and

4) That Sperr suffered damages.

*See Hudson v. Snyder Body, Inc.*, 326 N.W.2d 149, 157 (Minn.1982).

Whether Ramsey County owed a duty of care to Sperr is a question of law. *See, e.g., Larson v. Larson*, 373 N.W.2d 287, 289 (Minn.1985). The trial court correctly ruled that Ramsey County was not negligent as a matter of law, because the county had no legal duty to protect Sperr from being injured by the tree located on County property.

As the owner and operator of Aldrich arena, Ramsey County has the same legal duty that a private operator of a similar enterprise has, that is, to use reasonable care to protect its business invitees from injury. *See Bufkin v. City of Duluth*, 291 N.W.2d 225, 227 (Minn.1980). However, the duty to use reasonable care does not extend to cases where the risk of harm is obvious to the visitor:

> A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

*Lawrence v. Hollerich*, 394 N.W.2d 853, 855 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. Dec. 17, 1986) (quoting Restatement of Torts 2d § 343A (1965)). Ramsey County did not breach its duty of care in this case, because (1) the tree at issue was in plain view and the risk of harm from running into it was obvious, and (2) Ramsey County could not reasonably foresee that the tree might cause injury to its business invitees.

It is undisputed from the evidence presented at trial that the tree in this case was in plain view. Photographs introduced in evidence show that the tree is tall and clearly visible, with a number of large branches hanging low to the ground. There are no other trees nearby. Although Sperr testified that he did not see the branch that he ran into, he did testify that he saw the tree. The tree was in plain

view, and the possibility of injury from running into it obvious, even to children. Thus, Ramsey County had no duty to protect Sperr from its branches. *See, e.g., Bisher v. Homart Development Co.,* 328 N.W.2d 731, 733–34 (Minn.1983) (landowner did not breach duty of care when plaintiff tripped over a planter in a shopping mall, because planter was "obvious" and in "plain view"); *Flynn v. Arcade Investment Company,* 253 Minn. 107, 111, 91 N.W.2d 113, 115 (Minn.1958) (building owner did not breach duty of care when plaintiff tripped on a step, where the step was in "plain sight", and plaintiff was aware of its presence because she had stepped on it only a few minutes before the accident); *Lawrence v. Hollerich,* 394 N.W.2d at 856 (landowner did not breach duty of care where guest fell down a steep hillside, because the hill was obviously treacherous).

The foreseeability of injury is another factor that must be considered in determining whether Ramsey County owed a legal duty to Sperr. *See Lawrence,* 394 N.W.2d at 855. Negligence cannot be shown by the mere fact that an unfortunate accident occurred. Property owners have a duty "to guard, not against all possible consequences, but only against those which are reasonably to be anticipated in the normal course of events." *Bisher,* 328 N.W.2d at 733 (quoting *Johnson v. Evanski,* 221 Minn. 323, 326, 22 N.W.2d 213, 215 (1946)).

The evidence presented at trial indicates that Ramsey County had no reasonable basis to anticipate that its business invitees might be injured by the offending tree in this case. No sidewalks or pathways lead to the tree. Ramsey County could not reasonably anticipate that children would, in the normal course of events, run into the branches.

There is evidence to indicate that maintenance personnel sometimes trimmed the tree's branches so that they would not interfere with mowing the grass. The fact that Ramsey County personnel sometimes trimmed the tree's branches does not give rise to a legal duty to trim the branches so that they would pose no possible danger to children. Society has not recognized a gen-

eral duty on landowners to trim tree branches so that children do not run into them. "While the owner of premises may owe more duty to a child than to an adult coming upon his premises * * *, yet he is not bound to guard every stairway, cellarway, retaining wall, shed, tree and open window on his premises * * *." *Kayser v. Lindell,* 73 Minn. 123, 126, 75 N.W. 1038, 1039 (1898).

The tree is obvious and the possibility of injury from running into its branches is apparent. The County could not foresee that reasonable people would be running into the tree branches. The County thus has no duty to prevent Sperr from running into it, or to maintain the tree in such a way that he would not be injured by running through the tree branches. Ramsey County was not negligent as a matter of law.

### DECISION

Since it is clear as a matter of law that Ramsey County cannot be held liable for Sperr's injuries, the directed verdict was proper. The judgment for Ramsey County is affirmed.

AFFIRMED.