Donna INGRAM, et al., Appellants,

v.

Selmer SYVERSON, et al., Respondents.

No. A03–967.

Court of Appeals of Minnesota.

Feb. 3, 2004.

Raymond L. Hansen, O'Brien & Wolf, L.L.P., Rochester, MN, for appellants.

Michael B. Goodman, Goodman & Guzinski, P.A., Rochester, MN, for respondents.

Considered and decided by TOUSSAINT, Chief Judge; KLAPHAKE, Judge; and G. BARRY ANDERSON, Judge.

## OPINION

TOUSSAINT, Chief Judge.

On appeal in this personal-injury case, appellants Donna Ingram and James Ingram argue that the district court erred in determining that their expert testimony was not based on adequate factual foundation, and in granting summary judgment because appellants failed to show their theory of causation was more probable than that of respondents. Because a physician's expert opinion may be reasonably based on information from multiple sources, including statements made to the physician by a patient, and because causation is an issue best suited for a jury, we reverse and remand.

## FACTS

The present action arose out of a low-speed accident that occurred in Rochester on January 29, 1996, between vehicles driven by respondent-defendant Selmer Syverson and appellant-plaintiff James Ingram. Syverson, driving a pickup truck owned by his employer, respondent-defendant Expertise Lawn Care (Expertise), made a left turn as the Ingrams' van approached from the opposite direction. The icy conditions that afternoon made stopping difficult, and the Ingrams' van struck the passenger-side edge of the snowplow mounted on Syverson's turning vehicle.

Appellant-plaintiff Donna Ingram, who had been diagnosed six days earlier with degenerative disc disease in her back (and who had been receiving back-pain treatment at the Mayo Clinic for three years), was a passenger in the vehicle driven by her husband. She asserts that, upon im-

pact, she immediately felt a sharp pain in her low back. She now claims that the accident prompted, or at least accelerated, the need for spine-fusion surgery in July 1997.

The Ingrams filed suit against both Syverson and Expertise, alleging that Syverson's negligence caused both the accident and Donna Ingram's deteriorated back condition. To support their claims, the Ingrams solicited the testimony of Dr. R.A. Klassen, Donna Ingram's treating surgeon, who testified that her condition worsened after the collision, and that her spine-fusion surgery "was related to the increasing pain that she had following the accident."

On cross-examination, however, Dr. Klassen admitted that he was unable to causally connect Donna Ingram's symptoms to the accident solely from his own findings and examination, and relied upon her statements that her pain resulted from the accident. Further, Dr. Klassen conceded that Donna Ingram's injuries might have resulted from the natural progression of her degenerative back disease, rather than from the accident.

Respondents moved for summary judgment, claiming that the Ingrams failed to establish that Syverson's alleged breach of duty caused Donna Ingram's back problems. They asserted that Dr. Klassen's testimony was based solely on Donna Ingram's own statements concerning the relationship of the accident to her pain, and that none of Dr. Klassen's physical examinations, standing alone, could link her increased pain to the accident.

The district court granted respondents' motion, finding that Dr. Klassen's testimony was "not based on adequate factual foundation because no medical reports indicate evidence of injury suffered by the Plaintiff solely attributable to the accident ..." Without medical reports supporting

Dr. Klassen's testimony, the court reasoned, the only evidence linking the accident to Donna Ingram's pain was Donna's own statement. The court further determined that the Ingrams' theory of causation was "founded on speculation and conjecture" because the Ingrams did not show their theory was more probable than that of the respondents. The Ingrams appeal, asserting that their expert's opinion was based on sufficient factual foundation to withstand summary judgment, and that the court improperly decided a fact issue that should have been determined by a jury.

## ISSUES

I. May a physician testifying as an expert witness rely on statements made by a patient about her symptoms to formulate opinions concerning causation?

II. Must appellants demonstrate that their theory of causation is more probable than respondents' theory to withstand summary judgment?

## ANALYSIS

When deciding a motion for summary judgment, the reviewing court is to determine whether any genuine issues of material fact exist and whether the moving party is entitled to judgment as a matter of law. *Wartnick v. Moss & Barnett,* 490 N.W.2d 108, 112 (Minn.1992). The court must review the evidence de novo, and in the light most favorable to the party against whom judgment is granted. *Fabio v. Bellomo,* 504 N.W.2d 758, 761 (Minn. 1993). All doubts and factual inferences must be resolved in favor of the non-moving party. *Offerdahl v. Univ. of Minn. Hosps. & Clinics,* 426 N.W.2d 425, 427 (Minn.1988).

## I.

The Ingrams first dispute the district court's determination that Dr. Klassen's testimony lacked adequate factual foundation. They contend that Dr. Klassen's opinion that Donna Ingram's pain related to the accident was based not only on her own statements about her symptoms, as the district court concluded, but also on medical records and physical examinations. This, they argue, is information typically relied upon by experts in Dr. Klassen's field.

The Ingrams' argument finds support from the Minnesota Rules of Evidence. The comments to rule 703 state that a court should apply a two-part test to determine whether an expert's opinion is based on adequate foundation. First, the court should determine if the facts and data are of a type relied upon by experts in the field when forming inferences or opinions on the subject. Minn. R. Evid. 703–1989 comm. cmt. Second, the court should address whether the expert's reliance is reasonable. *Id.* The comments specifically state that the physician-as-expert, because of the nature of his practice, "bases his diagnosis on information from numerous sources and of considerable variety." *Id.* This information includes "statements by patients and relatives, reports and opinions from nurses, technicians and other doctors, hospital records, and X-rays." *Id.*

Indeed, Minnesota courts have long recognized the relatively subjective, imperfect nature of medical science. In the oft-cited *Hiber v. City of St. Paul,* the Minnesota Supreme Court noted the difference between an expert's inference and mere conjecture rests in the expert's ability based on education, training, and experience to interpret facts relative to a patient's physical condition, symptoms, and case history. 219 Minn. 87, 91–92, 16 N.W.2d 878, 880

(1944). The court stated that such inferences need not be absolutely certain:

> It is not necessary that the truth of an expert's opinion be capable of demonstration; it is sufficient that it is probably true. [An expert witness] is not required to speak with such confidence as to exclude all doubts in his mind, but may render his testimony in the form of an estimate of opinion, couched in expressions that fall short of absolute conviction of accuracy. Such qualification affects merely the probative force of the testimony.

*Id.* at 93, 16 N.W.2d at 881 (quotations omitted).

Here, the district court determined that Dr. Klassen's conclusions lacked adequate factual foundation because Donna Ingram's medical records shortly after the accident reflected no substantial change to her back condition when compared to her records immediately prior to the accident. It therefore found that "the only evidence linking the accident to the Plaintiff's pain is the Plaintiff's own statement."

Our view of Dr. Klassen's testimony differs from that of the district court. Though Dr. Klassen did state during cross-examination that he based his testimony solely on Donna Ingram's statements, this is clearly an incomplete list of the sources he used to form his opinion. Dr. Klassen's testimony derives not only from statements made by his patient, but also from his education, training, and experience as a practitioner. Through his interpretation of Donna Ingram's medical history records and firsthand observations during examinations, Dr. Klassen was able to form an opinion as to the legitimacy of her statements about her pain, and could rationally relate her symptoms to the accident. This type of inference is consistent with both *Hiber* and rule 703.

Because Dr. Klassen did not simply reiterate statements made to him by his patient, but instead used his medical education and experience to form a reasonable opinion based upon the patient's statements, we conclude that the district court erred in determining Dr. Klassen's testimony lacked adequate factual foundation.

## II.

■ The Ingrams next challenge the district court's conclusion that their causation theory is merely speculative "because there are two theories of causation neither of which has been shown to be more plausible than the other." Though the district court correctly notes that the Ingrams must ultimately show that it is more probable that Donna Ingram's condition resulted in whole or in part from Syverson's negligence than from any other cause, *see Bahl v. Country Club Market, Inc.*, 410 N.W.2d 916, 920 (Minn.App.1987), we agree with the Ingrams that the court erred in granting summary judgment.

■ In *Bahl*, this court noted that causation can be found as a matter of law only where the facts are undisputed and are reasonably susceptible of only one inference, or where reasonable people can come to no other conclusion. *Id.* Where reasonable minds *can* differ on the issue of causation, the jury should resolve the issue, and it would be error to grant summary judgment. *See id.; see also Paidar v. Hughes*, 615 N.W.2d 276, 281 (Minn.2000) ("Causation is generally a question of fact left to the finder of fact that only becomes a question of law 'where different minds can reasonably arrive at only one result.' "); *Abo El Ela v. State*, 468 N.W.2d 580, 582–83 (Minn.App.1991) (because negligence involves standards of reasonableness and causation uniquely suited for jury consideration, questions of negligence are usually inappropriate for summary judgment);

*Van Gordon v. Herzog*, 410 N.W.2d 405, 406 (Minn.App.1987) ("From the outset, we emphasize that our task in reviewing a grant of summary judgment is to determine whether triable issues of material fact exist and whether the law was misapplied, not whether a jury would find the theory advanced under these facts to be credible in light of other evidence.").

■ Here, there are two plausible theories as to Donna Ingram's deteriorating back condition. The Ingrams claim that the condition was affected by the accident, and have Dr. Klassen's medical testimony to support this assertion. Respondents have the testimony of Dr. McPartlin, retained by respondents for litigation purposes, who examined Donna Ingram and concluded that the accident did not affect her condition. This type of causation dispute is *exactly* the type to be submitted to a jury, for it is ultimately the jury's responsibility to determine which theory is more credible.

Because reasonable minds could differ as to the cause of Donna Ingram's injury, we hold that the district court here improperly preempted the jury's authority to determine the matter. We therefore reverse the district court's grant of summary judgment and remand for further proceedings.

## DECISION

Because medicine is an imperfect science and a plaintiff's symptoms may not always be proven by tests and statistics, a physician testifying as an expert witness may rely on statements made by patients about their own symptoms to formulate opinions concerning causation. Furthermore, a court may not circumvent the jury's authority to determine which of two plausible theories of causation is more

probable than another, by granting summary judgment.

**Reversed and remanded.**